UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In The Matter Of

RICHARD E. LERNER, an attorney
admitted to practice before this Court,

                    Respondent.

**SEALED ORDER TO SHOW CAUSE WITH STATEMENT OF CHARGES**

Index No.:

-----------------------------------------------------------X

The Committee on Grievances for the United States District Court for the Eastern District of New York hereby orders Richard E. Lerner to show cause in writing, no later than the 9th day of November 2016, why the Committee should not impose discipline on the respondent as authorized by and specified in Rule 1.5 (Discipline of Attorneys) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, including but not limited to suspension or disbarment from practice before this Court. The Committee hereby issues notice to the respondent in the form of the following Statement of Charges.

## STATEMENT OF CHARGES

### A. Grounds for Discipline

Local Rule 1.5 (b) provides that, upon notice and an opportunity to be heard, discipline may be imposed by the Committee if it is found by clear and convincing evidence that:

> (5) In connection with activities in this Court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York. In interpreting the Code, in the absence of binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests.

1

## B. Types of Discipline

Local Rule 1.5 (c) provides that discipline imposed pursuant to paragraph 1.5(b)(5) may consist of a letter of reprimand or admonition, censure, suspension, or an order striking the name of the attorney from the roll of attorneys admitted to the bar of this Court.

## C. Specification of Charges

This matter comes before the Committee on the Disciplinary Complaint of Felix H. Sater, dated July 23, 2014, a copy of which is being provided to the respondent.

The respondent was retained by attorney Frederick M. Oberlander to represent him in litigation concerning Oberlander's allegedly illegal disclosure of sealed information. In addition to representing Oberlander, the respondent eventually became co-counsel with Oberlander, representing Jody Kriss in an action against Bayrock Group LLC and certain Bayrock employees, including Sater (collectively, "Defendants") in the Southern District of New York (SDNY action).

Prior to the SDNY action, Sater was the subject of criminal proceedings before Judge I. Leo Glasser in the Eastern District of New York, during which he became a significant cooperating witness. After determining that Sater would be in danger if his true identity were revealed, Judge Glasser sealed the docket and filings in Sater's criminal case, which included a Cooperation Agreement, a United States Department of Justice Financial Statement, and a Pre-Sentence Investigation Report (the "Sealed Materials.")

During Oberlander's representation of Kriss in the SDNY action, Oberlander obtained Bayrock's back-up hard drive, which contained the Sealed Materials. After discovering the Sealed Materials, Oberlander, who was represented by the respondent and was also his co-counsel, attempted to obtain a settlement from Defendants by threatening public release of the Sealed Materials. First, the respondent represented Oberlander in the litigation concerning Oberlander's

2

disclosure of the Sealed Materials. Then, the respondent ultimately decided to represent Kriss in the SDNY action, and has since joined Oberlander in his efforts to obtain a settlement from Defendants by threatening the public dissemination of the Sealed Materials. In furtherance of the respondent's efforts to obtain a settlement for Kriss and Bernstein, the respondent engaged in the misconduct listed below. While this is not an exhaustive list, the complaint sets forth a pattern and practice of conduct that violated the rules of professional conduct. For example:

1. The respondent threatened and assisted Oberlander in threatening the public dissemination of the Sealed Materials unless the defendants agreed to a monetary settlement, despite knowledge that public dissemination of the Sealed Materials would violate multiple court orders. *See, e.g.*, October 18, 2010 Letter from Oberlander to Brian Herman ("Herman") (Exhibit F to July 23, 2014 Disciplinary Complaint) [1]; November 9, 2010 Letter from Oberlander to Herman (Exhibit G).

2. The respondent violated Judge Glasser's July 20, 2010 Order by failing to destroy or return certain electronic and paper copies of the original Pre-Sentencing Report and other Sealed Materials. *See* Judge Glasser's July 20, 2010 Order (Exhibit A); Transcript of April 1, 2011 hearing before the Honorable Brian M. Cogan, at 11:7-15:5 (Exhibit I); May 13, 2011 Order of Judge Cogan (Exhibit J).

3. The respondent violated multiple court orders, including the Second Circuit's February 14, 2011 Order, by revealing Oberlander's true name and identity to *The New York Times* and by disclosing Sater's true identity to the *Miami Herald*, and disclosing Sater's connection to the sealed EDNY criminal proceedings. *See* February 14, 2011 Second Circuit Order (Exhibit H); "Fraud Case Challenges Secrecy of Man's Past as Criminal and Cooperating Witness," THE NEW YORK TIMES, Feb. 5, 2012; "High court reveals secret deal of Trump developer's crimes," THE MIAMI HERALD, July 31, 2012.

4. The respondent violated the Second Circuit's June 29, 2011 Order by filing two new frivolous actions in the United States District Court for the Southern District of New York, Case No. 13-CV-1824 (LGS) and Case No. 13-CV-3905 (LGS), despite the Second Circuit's order directing the respondent to refrain from frivolous filings. *See* June 29, 2011 Second Circuit Order (Exhibit O); Southern District of New York Docket Nos. 13-CV-1824 and 13-CV-3905.

5. The respondent filed frivolous Notices of Appeal with the Second Circuit, including an appeal from a scheduling order that was not a final order nor subject to any of the exceptions to the final judgment rule. *See* June 29, 2011 Second Circuit Order ("[I]t is ORDERED that appellant Richard Roe is hereby warned that the Court's patience has been exhausted by his filing of six separate notices of appeal regarding the same

---

[1] All Exhibits are to the July 23, 2014 Disciplinary Complaint.

3

principal legal dispute—including the filing of an appeal from a March 23, 2011 scheduling order that obviously was not a final order nor subject to any of the exceptions to the 'final judgment rule,' see Part (iv), post—and that any further attempts to re-litigate the issues decided by this order, or other future filings of a frivolous nature, may result in sanctions."). (Exhibit O).

6. The respondent improperly engaged in undignified and discourteous conduct toward the courts by making unfounded accusations against Judge Glasser, Judge Cogan, the Eastern District and the Second Circuit. A non-exhaustive list of this conduct includes:

   a. Stating in motion practice that "[a]s it happens, what Judge Glasser and the Second Circuit have done, in concert with your own [Judge Cogan's] prior orders, is to hide an entire covert justice system operating devoid of constitutional legitimacy. It is so repellent to our Constitutional system that it is not merely invalid by reason of unconstitutionality. It and the orders attempting to conceal it (including the disgrace of purporting to order a United States citizen not to report judicial unlawfulness to Congress) are and were at all times jurisdictionally barred. No federal court may enjoin anyone from revealing its own misconduct, ever, such injunction again *pro tanto brutum fulmen*." February 17, 2012 Motion to Quash, at 9 (Exhibit K).

   b. Characterizing Judge Cogan's signing of the order to show cause as "illegal and unlawful," and accusing him of "maintaining an inaccurate docket" in another matter. *Id.*, at 3.

   c. Accusing the Eastern District of taking "unlawful and unethical measures to cover up . . . illegal sentencing schemes," and the Second Circuit of orders evidencing "lawlessness" and "sedition" and constituting a scheme to "defraud[] . . . victims of untold millions of dollars." *Id.*, at 4, 8.

   d. Accusing Judge Glasser, Judge Cogan, and the Second Circuit of "hid[ing] an entire covert justice system operating devoid of constitutional legitimacy." *Id.*, at 9.

   e. Characterizing the Eastern District as a "star chamber." July 16, 2010 Declaration of Frederick M. Oberlander, ¶ 1.

   f. Accusing Judge Glasser and the Eastern District of "concoct[ing] a system of private justice without public accountability. This is not just constitutional amnesia. This is a constitutional crisis." *Id.* ¶ 4.

   g. Characterizing Judge Glasser as acting out of "pusillanimous fear." *Id.* ¶ 11.

   h. Analogizing Judge Glasser and the Eastern District to Senator Joseph McCarthy. *See id.* ¶ 20 ("Finally, I would ask of this court one question: You have done enough. Have you no sense of decency sir, at long last? Have you

4

left no sense of decency? For the only threat to our Union is that a judicial system that would self-justify and nationalize how it could ever dare operate in secret.")

    i. Asserting in motion papers that Judge Glasser "presides over this and related matters in violation of 28 U.S.C. § 455(a) and (b)(1), having failed to disqualify yourself despite Congressional mandate you do so because of, respectively, your appearance of bias and lack of impartiality, palpably obvious to, let alone reasonably questioned by, an objective, informed observer," and that "that observer cannot rationally conclude but that your honor appears to be in criminal conspiracy with at least [] Sater's lawyers, to deprive us and our clients of our rights." November 19, 2012 Omnibus Motion, at 2 (Exhibit K).

7. The respondent agreed to represent Oberlander, with knowledge of and participation in Oberlander's intentions to make the Sealed Materials public. *See* Point (C)1, *supra*.

8. The respondent failed to withdraw from representing Oberlander when it became clear that Oberlander would continue to violate multiple court orders and the New York Rules of Professional Conduct. *See* Points (C)1-3, *supra*.

9. The respondent failed to withdraw from representing Oberlander when it became clear that Oberlander was taking actions for the primary purpose of harassing or maliciously injuring the Defendants. *See* Points (C)1-4, *supra*.

The respondent's conduct throughout his representation of Oberlander and Kriss violates the following provisions of the New York Rules of Professional Conduct ("RPC") and therefore constitutes a basis for discipline pursuant to Local Rule 1.5(b)(5):

1. The respondent violated RPC 1.16(a), by agreeing to represent Oberlander, despite knowledge of Oberlander's intentions to obtain a settlement by threatening illegal conduct. *See* Point (C)1, *supra*.

2. The respondent violated RPC 1.16(b), by failing to terminate his representation of Oberlander when it became clear that further representation of Oberlander would result in a violation of the New York Rules of Professional Conduct. *See* Points (C)7-9, *supra*.

3. The respondent violated RPC 3.1, by filing multiple frivolous appeals and bringing frivolous lawsuits. *See* June 29, 2011 Second Circuit Order (Exhibit O); *see also* Points (C)4-5, supra.

4. The respondent violated RPC 3.2, by engaging in improper dilatory tactics. *See, e.g.*, Points (C)4-5, *supra*.

5. The respondent violated RPC 3.3, by engaging in undignified and discourteous

conduct toward the courts. *See* Point (C)6, *supra*.

6. The respondent violated RPC 3.4, by knowingly engaging in illegal conduct by contravening court orders, disclosing the Sealed Materials, and attempting to obtain a settlement by threatening further illegal conduct. *See* Points (C)1-4, *supra*.

7. The respondent violated RPC 8.4(a), by violating multiple New York Rules of Professional Conduct. *See* Points (C)1-9, *supra*.

8. The respondent violated RPC 8.4(h), by engaging in conduct that adversely reflects on his fitness as a lawyer. *See* Points (C)1-9, *supra*.

9. The respondent violated RPC 8.4(d), by engaging in conduct that is prejudicial to the administration of justice. *See* Points(C)1-9, *supra*.

The respondent's conduct throughout his representation of Oberlander and Kriss provides grounds for discipline under Local Rule 1.5. The respondent is therefore ORDERED TO SHOW CAUSE before this Committee through the submission of papers in response to the charges, at the date set forth above, why discipline pursuant to Local Rule 1.5 should not be imposed.

It is further ORDERED that this Order to Show Cause, the response thereto, and all other papers in this proceeding shall be filed electronically under seal, with access only to the Court and the respondent, subject to such further Orders as the Committee may enter.

Dated: Brooklyn, New York
October 20, 2016

Hon. Ann M. Donnelly, U.S.D.J.
Member of the Committee on Grievances
For the United States District Court
Eastern District of New York