UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,                                      :
                                                               :
                            Plaintiff,                        :       98 CR 1101 (ILG)
                                                               :
                                                               :       **FILED UNDER SEAL**
      -against-                                               :
                                                               :
                                                               :
FELIX SATER,                                                   :
                                                               :
                            Defendant.                        :
-------------------------------------------------------------- X

## ORDER TO SHOW CAUSE FOR
## PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Defendant Felix Sater, by his attorneys Morgan, Lewis & Bockius LLP, having moved this Court for relief hereinafter described,

**NOW** upon the accompanying Declaration of Kelly Moore, Esq., executed on May 18, 2010, and Defendant's Memorandum of Law, and on all the pleadings and proceedings had herein, it is hereby

**ORDERED**, that Jody Kriss, Michael Ejekam and Fred Oberlander show cause before a motion term of this Court, Room _86_, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201 on _May 25th, 2010_ at _12:_ o'clock ~~in the~~ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued requiring Jody Kriss, Michael Ejekam and Fred Oberlander and any other persons who have acquired the Sealed and Confidential Materials to immediately return the Sealed and Confidential Materials to Mr. Sater;

**ORDERED**, that pending said hearing, Messrs. Kriss, Ejekam and Oberlander and their representatives, employees and agents, and all other persons acting in concert with them and all other persons who have obtained the Sealed and Confidential Materials, are restrained and enjoined from disseminating the Sealed and Confidential Materials or information therein further;

**ORDERED**, that Messrs. Kriss, Ejekam and Oberlander appear at said hearing and give evidence as to how they obtained the Sealed and Confidential Materials and to whom said materials have been disseminated;

**ORDERED**, that personal service of a copy of this order and annexed affidavits upon Messrs. Kriss, Ejekam and Oberlander or their counsel on or before May 19th, 2010 shall be deemed good and sufficient service thereof;

**ORDERED**, that Messrs. Kriss, Ejekam and Oberlander's papers in opposition to Mr. Sater's motion, if any, shall be served by hand on Morgan, Lewis & Bockius LLP, counsel for Mr. Sater, on or before May 25th, 2010 at 5:00 p.m. (with a courtesy copy hand delivered to the Court in Chambers), and that Mr. Sater's reply papers, if any, shall be served by hand on counsel for Messrs. Kriss, Ejekam and Oberlander by no later than 5:00 p.m. (with a copy for Chambers) the day before the return date provided by this order;

**ORDERED**, that all papers related to the instant motion are hereby sealed;

**ORDERED**, that a copy of all papers shall be served on Marshall Miller and Todd Kaminsky of the United States Attorney's Office for the Eastern District of New York.

Dated: New York, New York
May 18, 2010 at
2:00 p.m.

United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
UNITED STATES OF AMERICA,

         Plaintiff,      98 CR 1101 (ILG)

  -against-            **FILED UNDER SEAL**

FELIX SATER,

         Defendant.
-------------------------------------------------------------------- X

## ORDER TO SHOW CAUSE FOR
## PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

  Defendant Felix Sater, by his attorneys Morgan, Lewis & Bockius LLP, having moved this Court for relief hereinafter described,

  **NOW** upon the accompanying Declaration of Kelly Moore, Esq., executed on May 18, 2010, and Defendant's Memorandum of Law, and on all the pleadings and proceedings had herein, it is hereby

  **ORDERED**, that Jody Kriss, Michael Ejekam and Fred Oberlander show cause before a motion term of this Court, Room ____, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201 on _____, ____ at _____ o'clock in the _____ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued requiring Jody Kriss, Michael Ejekam and Fred Oberlander and any other persons who have acquired the Sealed and Confidential Materials to immediately return the Sealed and Confidential Materials to Mr. Sater;

**ORDERED**, that pending said hearing, Messrs. Kriss, Ejekam and Oberlander and their representatives, employees and agents, and all other persons acting in concert with them and all other persons who have obtained the Sealed and Confidential Materials, are restrained and enjoined from disseminating the Sealed and Confidential Materials or information therein further;

**ORDERED**, that Messrs. Kriss, Ejekam and Oberlander appear at said hearing and give evidence as to how they obtained the Sealed and Confidential Materials and to whom said materials have been disseminated;

**ORDERED**, that personal service of a copy of this order and annexed affidavits upon Messrs. Kriss, Ejekam and Oberlander or their counsel on or before May ____, 2010 shall be deemed good and sufficient service thereof;

**ORDERED**, that Messrs. Kriss, Ejekam and Oberlander's papers in opposition to Mr. Sater's motion, if any, shall be served by hand on Morgan, Lewis & Bockius LLP, counsel for Mr. Sater, on or before May ____, 2010 at 5:00 p.m. (with a courtesy copy hand delivered to the Court in Chambers), and that Mr. Sater's reply papers, if any, shall be served by hand on counsel for Messrs. Kriss, Ejekam and Oberlander by no later than 5:00 p.m. (with a copy for Chambers) the day before the return date provided by this order;

**ORDERED**, that all papers related to the instant motion are hereby sealed;

**ORDERED**, that a copy of all papers shall be served on Marshall Miller and Todd Kaminsky of the United States Attorney's Office for the Eastern District of New York.

Dated: New York, New York
May 18, 2010

_____
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
UNITED STATES OF AMERICA,
                                 Plaintiff,

                                                          **98 CR 1101 (ILG)**

                     -against-

                                                          <u>**FILED UNDER SEAL**</u>

**FELIX SATER,**

                                 Defendant.
---------------------------------------------------------------------X

## DECLARATION OF KELLY MOORE

**KELLY MOORE** declares as follows:

1. I am member of the Bar of this Court and am a member of the law firm of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York, 10178, counsel for Felix Sater.

2. I make this declaration in support of Mr. Sater's application to this Court to (i) order the immediate return of certain confidential materials, much of which were previously sealed by this Court in connection with criminal proceedings before this Court; and (ii) conduct an inquiry into how certain persons acquired the materials and to whom the materials were distributed in order to ensure that all such materials are returned or destroyed.

### Background

3. Mr. Sater was the subject of criminal proceedings before this Court, which concluded on October 23, 2009, index number 98 CR 1101 (ILG) (the "Criminal Proceedings").

4. This Court sealed the docket and filings in the Criminal Proceedings.

5. In connection with the Criminal Proceedings, certain confidential materials were sealed including:

- a Cooperation Agreement dated December 10, 1998;
- A United States Department of Justice Financial Statement dated December 10, 1998; and
- a Pre-sentence Investigation Report dated June 18, 2004 (the "2004 PSR");

(together, the "Sealed Materials").

6. In addition, Mr. Sater and the United States Attorney's Office entered into a confidential Proffer Agreement dated October 2, 1998 (together with the Sealed Materials, the "Sealed and Confidential Materials").

7. The confidential nature of the Sealed and Confidential Materials is plain. For example, the 2004 PSR states: "It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the pre-sentence report is prohibited without the consent of the sentencing judge."

8. Mr. Sater was formerly affiliated with a real estate development firm known as Bayrock Group LLC ("Bayrock" and together with its subsidiaries, the "Bayrock entities").

9. Mr. Sater has informed us that, while he was associated with Bayrock, he kept the Sealed and Confidential Materials in a personal file in his Bayrock office.

## The Delaware Court Dismissed an Action Filed by Mr. Kriss and His Attorney, Fred Oberlander

10. Jody Kriss is a former employee of Bayrock.

11. During the course of his employment, Mr. Kriss maintained an office adjacent to Mr. Sater's. As noted above, Mr. Sater kept the Sealed and Confidential Materials in a personal file in his Bayrock office.

12. Mr. Kriss was employed by Bayrock from 2003 to 2007 as Director of Finance. In 2007, he took a leave of absence. He returned from leave for a brief period in 2008 and then was terminated by the Company.

13. In or around 2009, Mr. Kriss commenced an action in the Delaware Chancery Court against, inter alia, Mr. Sater, certain Bayrock entities and certain employees of Bayrock entities (the "Delaware Action").

14. In the Delaware Action, Mr. Kriss was represented by several attorneys including Mr. Fred Oberlander.

15. In the Delaware Action, Mr. Kriss alleged, inter alia, that the Bayrock entities constituted a racketeer influence and corrupt organization (RICO), that tax laws had been violated, and that Mr. Kriss – who was the Director of Finance at the time of the alleged violations – had been denied certain economic benefits to which he was entitled based on his association with Bayrock.

16. Chancellor Strine dismissed the Delaware Action, finding, inter alia, that Mr. Kriss's disputes with Bayrock and the other defendants are the subject of an arbitration agreement.

17. By order dated February 19, 2010, the Delaware court directed Mr. Kriss to file an arbitration and, in the event the arbitrator determined that the claims were

3

not arbitral, to file an action in court in New York. A copy of the order and the hearing transcript are attached as Exhibit 1.

### Attorney Oberlander's Other Client Admits Taking Emails and Documents From Bayrock

18. In addition to the Delaware Action, another former employee of Bayrock, Joshua Bernstein, commenced an arbitration against Bayrock.

19. In that action, Mr. Bernstein testified that, during the course of his employment, he downloaded files from the computers and servers of Bayrock and installed monitoring software which allowed him access to other Bayrock personnel's computers. (See Ex. 2, Bernstein Deposition at 194-233).

20. Mr. Bernstein further testified that when he left Bayrock, he took "thousands" of emails and hundreds of documents (*Id.*)

21. Mr. Oberlander represents Mr. Bernstein.

### Messrs. Kriss and Oberlander File a New Action in the SDNY, Using the Sealed and Confidential Materials

22. On Wednesday, May 12, 2010, Mr. Oberlander emailed to Ronald Kriss—a partner at the law firm Akerman Senterfitt and father of Jody Kriss—a draft complaint (the "SDNY Complaint") on behalf of Jody Kriss and another former Bayrock employee against Mr. Sater, Bayrock entities and numerous others.

23. The SDNY Complaint is similar in nature to the Delaware Action.

24. The SDNY Complaint references and attaches as exhibits thereto the Sealed and Confidential Materials.

4

25. In addition, the SDNY Complaint quotes numerous privileged communications between Bayrock and its counsel.

26. Mr. Oberlander's email to Ron Kriss stated as followed:

**From:** fred55@aol.com [mailto:fred55@aol.com]
**Sent:** Wednesday, May 12, 2010 12:33 PM
**To:** Kriss, Ronald (Sh-Mia); Kriss, Ronald (Sh-Mia)
**Subject:** Fwd: complaint, sdny, salomon, weinrich, & salomon & co.
Ron --

I recommend you forward this to Julius with the comment from me that
there are three alternatives here:

(a) I file publicly today.

(b) I file under seal today.

(c) He arrange a tolling agreement with EVERY defendant but nixon peabody.

I don't care how many people he has to get on the phone and how fast
he has to work. He had years to give back the money and now it's over.
He can get Brian Halberg to help him.

I believe it's possible to get this in under seal if Bayrock joins in a joint motion
in part 1 to seal the complaint pending a redaction agreement with the
assigned judge but there are never any guarantees.

Thanks,

FMO

A copy of this email is attached as Exhibit 3.

27. The "Julius" referenced in the above email is Julius Schwarz, an officer of Bayrock.

28. The above email, together with the draft SDNY Complaint and the exhibits thereto, were distributed by Ronald Kriss to Mr. Schwarz in the SDNY action. A copy was forwarded to Mr. Sater. We do not know how many times Mr. Oberlander's email was forwarded with the attachments.

5

29. On Thursday, May 13, 2010, Mr. Oberlander filed the SDNY Complaint in the Southern District of New York, and the matter was assigned to the Hon. Naomi Reice Buchwald.

30. The SDNY Complaint was made available to the public for download through a paid online news service, "Courthouse News." We do not know how many people downloaded the SDNY Complaint from Courthouse News.

31. Later that day, upon learning of the filing, my partner, Brian Herman, and I called Mr. Oberlander to demand that the Sealed and Confidential Materials be withdrawn and returned.

32. Mr. Oberlander informed us that he had retained his own counsel, an attorney named David Lewis, to address his disclosure of the Sealed and Confidential Materials.

33. Mr. Lewis refused to disclose how his client, Mr. Oberlander, had obtained the Sealed and Confidential Materials and refused to return the Sealed and Confidential Materials.

34. Mr. Lewis also stated that Mr. Oberlander had made an unsuccessful application to have the Materials filed under seal in the Southern District, and that he was amenable to a joint application to Judge Buchwald.

35. Mr. Lewis, Mr. Herman and I subsequently spoke with Judge Buchwald on May 13, and Judge Buchwald immediately issued an order preventing further dissemination of the SDNY Complaint, the exhibits thereto and the information therein (the "First Order"). (Exhibit 4). Judge Buchwald indicated during the telephone

6

conference that any application for return of the Sealed and Confidential Materials or inquiry into the disclosure should be directed to this Court.

36. On information and belief, a copy of the First Order was sent by Mr. Oberlander to each person to whom he had previously sent the SDNY Complaint. However, we do not know whether the SDNY Complaint and the exhibits were distributed further.

37. On May 14, 2010, at the request of Morgan Lewis, Courthouse News removed the SDNY Complaint from its website and sent a copy of the First Order to each person who had downloaded the SDNY Complaint.

38. On May 14, 2010, Judge Buchwald issued a second order (the "Second Order") sealing the SDNY Complaint in its entirety pending further order of the Court. (Exhibit 5). Judge Buchwald further ordered that a redacted version of the original complaint, redacting any sealed documents or references to sealed documents, be filed by May 19, 2010.

39. On May 17, 2010, Courthouse News ran a news story disclosing information from the SDNY Complaint. At the request of Morgan Lewis, the story was taken down, but we do not know how many people read the story while it was still posted.

**Mr. Sater Seeks Relief**

40. To summarize:

- Mr. Oberlander and one or more of his clients are in possession of the Sealed and Confidential Materials;

- Mr. Oberlander refuses to disclose how he obtained the Sealed and Confidential Materials and refuses to return them;

- Mr. Oberlander, aware of the confidential nature of the documents, has distributed the Sealed and Confidential Materials and the SDNY Complaint referencing the Sealed and Confidential Materials, and the recipients may have further distributed that information;

- As a direct result of Mr. Oberlander's actions, the SDNY Complaint referencing the Sealed and Confidential Materials was posted for download to the public and was used as the basis for a news article.

41. Based on the foregoing, we respectfully request that this Court issue an order requiring Mr. Oberlander, his clients and anyone else who has received the Sealed and Confidential Materials or documents referencing the Sealed and Confidential Materials to immediately return all copies to Mr. Sater. Further, in order to fully effectuate relief, we ask that the Court conduct a hearing to determine how this disclosure occurred and the extent to which the Sealed and Confidential Materials were disseminated.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on May 18, 2010.

Kelly Moore