# LAW OFFICE OF FREDERICK M. OBERLANDER

FREDERICK M. OBERLANDER
ATTORNEY-AT-LAW

fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.626.0357
FAX 212.202.7624

November 9, 2010

**CANCELLATION OF STIPULATED STANDSTILL
COMMUNICATION IN CONTEMPLATION OF SETTLEMENT**

Brian Herman, Esq.
Morgan Lewis
(by email, facsimile, and Fedex)

Re: *Kriss et al. v. Bayrock Group LLC et al.*    SDNY 10 CIV 3959
    *United States v. John Doe*    EDNY 98 CR 1101

Dear Mr. Herman:

Please take note that I myself in my own behalf, and as counsel for and in behalf of my clients Mr. Kriss and Mr. Ejekam, declare the stipulated standstill agreement of August 12, 2010 in re EDNY 98 CR 1101 to be cancelled as to all three of us, as of right, such cancellation to be effective Tuesday, November 16, 2010. I and my clients reserve all other rights thereunder, including without limitation all other rights to cancellation as may exist.

As you know, Plaintiffs have determined that dozens of copies of the complaint and exhibits were sent out by third parties acting on their own, primarily by Mr. Schwarz, prior to any court ever ruling on anything, and then circulated by them and those who received them. There isn't anything you can do about it. There is no legal recourse to anyone.

If you wish Mr. Sater's activities lawfully kept quiet to any extent, stand still, stop filing motions and get out of the way so Plaintiffs can try to resolve the case before everything uploads to PACER and goes public. The only way to try to prevent worldwide notoriety will be a globally stipulated sealed confidentiality order accompanying a global settlement. No prior restraint ever was possible and thanks to your litigation in EDNY and what it revealed and the transcripts thereof, all you have accomplished now is to guarantee massive public interest in the cover-up not only of the Sater conviction but the super sealed files and the evasion of mandatory restitution of the $10,000,000 (give or take) that Plaintiffs can allege Mr. Sater took out of Bayrock and the wrongful concealment of the $600,000,000 RICO chose in action available against Mr. Sater, concealments themselves RICO predicates, which by definition make all these matters of public interest so beyond any First Amendment threshold as to make silly any attempt to enjoin.

I am sending separately a litigation standstill agreement for the SDNY matter, which is in everyone's interest and which matches in substance and duration the standstill the Bayrock defendants (including Mr. Schwarz) all signed two weeks ago. It includes a stipulation as to serving the original complaint as filed.

If you don't stipulate I'll get it so ordered anyway because (as Judge Glaser himself pointed out) the issue of dissemination is moot, but you'll have wasted more time and be that much closer to the time when Judge Buchwald orders this public and your client finds this on the front pages everywhere, including New York, Iceland, Turkey, and Kazakhstan, and all the other plaintiffs worldwide, including Glitnir (which already knows of the EDNY criminal matter from public filings but not yet about your client), join the party.

I can with confidence predict from the settlement discussions I've had that all the defendants will be delighted to keep this quiet, if it is in Plaintiffs' interests to ask them to do so and if such can be done while allowing Judge Buchwald to respect the presumptive common law right of access to civil litigation filings.

You have two friends, Plaintiffs and the Second Circuit, where it is Holy Grail to protect sealed and stipulated confidential civil settlement agreements even against grand jury subpoena. But first there has to be such a settlement agreement. And that lies in the discretion of Plaintiffs. If this case is not settled quickly, it will surely go viral. If you obstruct a settlement instead of helping get there, everything will go public with clockwork inevitability. This is not a threat, it is mathematics. And it is certain.

No power on this earth will much longer prevent as much lawful and legal worldwide dissemination of this Complaint and every document attached thereto or referenced therein as the public and press doing the dissemination think its value justifies. You already saw what *Courthouse News* thought of it, and everything else I file about Bayrock, entirely without my or my clients' involvement. Only a stipulated sealed confidential settlement agreement Plaintiffs find acceptable, executed very soon, can stop that.

You claim to be worried about Mr. Sater's notoriety yet all you managed to do is get back to where we were in May with the decidedly non-trivial addition of a preclusive judicial determination that I and my clients did nothing wrong and can disseminate at will. You've handed my clients preclusive judicial affirmation of what they already had, the First Amendment right to disseminate, created worldwide front page news value based on what was revealed about what went on here, and intentionally interfered with their ability to settle the case by adopting the ridiculous argument that serving a complaint on someone who already had it was wrongful, as a result practically guaranteeing loss of time needed to settle and an ensuing public disaster for your client who by your own admission is the most exposed to publicity of all.

You say his safety is threatened. My clients are not endangering it. They are endangering his economics. Ask the Sapirs and iStar how happy they'll be when Trump SoHo sales are shut down, the money refunded, and the offering plan voided and they possibly face bar from further development in New York because your client was concealed from disclosure in the offering documents. I think they have $120,000,000 in the project behind iStar, which has $300,000,000. That's $420,000,000 riding on a project worth now I think $240,000,000. And I believe the Sapirs guaranteed at least some of the loan. Kramer Levin will be overjoyed, all the more since Steptoe already found their connection with FL while litigating FL's fraud on Glitnir depositors and would love to connect your client, all of which is in the Complaint (ask him about his dealings with Kramer Levin), and you better believe if this blows up I'm inviting them in through their counsel, as well as all the buyers now suing before Judge Wood, who will be delighted to know that while they don't have securities fraud, they have RICO, with far bigger value. I look forward to your client's testimony that he didn't own much of Bayrock, owned no membership interests, while he tries to explain why Akerman Senterfitt drafted a trust for his wife and children for the express, stated purpose of assigning his Bayrock membership interests to the trust, which my clients alleged he executed as part of the cover-up.

He's going to be an awfully popular fellow. Always remember, if I can't settle this in time now, you will have brought this about by your decisions, taking the tactical nuclear device I filed in SDNY and enhancing it beyond what even I could have, magnifying its yield to that of a strategic thermonuclear weapon by dragging in EDNY and that disaster. You say you did this to protect Mr. Sater? I don't get it. I really don't.

**Sign the litigation standstill and get out of the way**. You have seven days to seek further relief from Judge Glasser. If you do, if you don't standstill, if you continue to interfere with service or dissemination, if I see letters, motions, or anything else, I will instruct counsel to seek emergency relief. And I'll get it. And you'll get the inevitable, concomitant global public news and media coverage of everything everywhere.

You and Ms. Moore may meet with me any time this week. Do not mistake the tone of this letter. It is not arrogant. It is, "What were they thinking?" Listen to me. I see legal ways out for your client which are in my clients' interests to facilitate. You won't see them. You need my help. Take it. Fast. Or Judge Buchwald will be presiding over World War III with coverage likely on the front page of the New York Law Journal.

Sincerely yours,

Frederick M. Oberlander
Attorney-at-Law