UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

JOHN DOE,

                Defendant.
------------------------------------------------x

FILED UNDER SEAL

SCHEDULING ORDER
98 CR 1101 (ILG)

GLASSER, United States District Judge:

On February 4th, 2011, Richard Roe, by his counsel, "demanded" that the Court "immediately docket all events that have occurred in this case from its inception."

In a letter dated March 17th, 2011, the government responded.

In this letter, the government presented its analysis of the public's right of access to judicial proceedings pursuant to principles of Common law and as may be required pursuant to the First Amendment. In a separate letter, the government briefly summarized every docket entry and stated its position as to whether the entry should remain sealed, be partially unsealed or entirely unsealed.

The Court did not respond to Richard Roe's demand when it was made and defers acting further on both submissions given a question as to its continuing jurisdiction.

On May 18th, 2010, this Court issued an Order (TRO) temporarily restraining Richard Roe and others from disseminating Sealed and Confidential materials pertaining to the above captioned case.

That TRO was extended until June 21, 2010 when, in proceedings on that day, Richard Roe was ordered to return certain sealed documents to the United States Attorney's Office.

On July 9th, 2010, Richard Roe filed a Notice of Appeal from "that aspect of the May 28, 2010 TRO (including all of the subsequent versions, extensions and renewals of this order) issued by the Honorable District Judge Israel Leo Glasser, which — by operation of law – may have converted to a preliminary injunction on or after the hearings which were held on June 11, 14, and 21, 2010." In the Notice he also appealed from the permanent injunction issued on June 21, 2010.

On August 9, 2010, Richard Roe filed another Notice of Appeal from a TRO directed to him, issued on July 20, 2010.

Following a hearing of those appeals on February 14, 2011, the Court of Appeals, in a Summary Order issued that day, Docket No. 10-2905-cr, directed in relevant part:

> Pending a full review of the merits of Roe's appeal by a panel of this Court, the government, by a sealed motion of January 26, 2010 and accompanying affidavits, requests a <u>temporary stay</u> of the <u>unsealing</u> of Docket No. 10-2905-cr <u>and of the materials placed under seal by Judge Glasser</u> pending the appeal of this matter. In light of the serious, indeed grave, concern expressed by the United States regarding the possible consequences of unsealing these documents, and in the absence of any sufficiently persuasive countervailing considerations expressed by Roe, the <u>government's motion is hereby GRANTED</u>. (emphasis mine),

It is Hornbook law that the filing of a notice of appeals confers jurisdiction on the Court of Appeals and divests the district court of its control over those aspects of the

2

case involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

I note at the outset that read literally, Richard Roe's demand letter of February 4th, 2011, if regarded as a motion, is not a motion to unseal anything. Rather, it is a motion that matters be docketed.

In Cabell v. Markham, 148 F.2d 737, 739 (2d Cir. 1945), Judge Learned Hand wrote "'It is not an adequate discharge of duty for courts to say: We see what you are driving at but you have not said it, and therefore we shall go on as before,'" quoting from Johnson v. United States, 163 F. 30, 32 (Holmes, J.). He then went on to write the oft-quoted words: "But it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary." The teachings of those Masers leads me to regard the demand to docket as one to unseal which is what I "see that he is driving at."

My circumspect uncertainty concerning my jurisdiction to address the issue presented in the letters alluded to is based upon the following. My orders enjoining Roe to do and refrain from doing what was proscribed was a judicial response to his publication of sensitive, confidential information contained in court files, the docket of which was plainly marked "Sealed Case." All filings in that case were thereafter sealed whether or not any given documents also bore the legend "Filed Under Seal."

In addition, his unilateral determination of entitlement to disclose that information, given the context in which it was disclosed – a complaint filed by Roe in a civil action in the Southern District of New York – made it far from certain whether the disclosure was made exclusively for his own benefit rather than to vindicate a right of

3

public access.

Neither a case nor a filed document can be sealed without a court order, United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995); R&G Mortgage Corp. v. Federal Hme Loan Mortgage Corp, 584 F.3d 1, 12 (1st Cir. 2009), and it must be presumed, therefore, that such an Order existed, explicitly or implicitly. In unilaterally deciding that such an order did not exist, or, it if did exist, it was binding on court personnel only; or in any event, he had a First Amendment right to publish that which was sealed, he knowingly and intentionally flouted a Court order. It is a fundamental principle that court orders carry an initial presumption of validity and must be obeyed even if it is later shown to be erroneous. McDonald v. Head Crim. Ct. Superior Officer, 850 F.2d 121, 124 (2d Cir. 1988). If a person believes an order to be erroneous, he must establish that through established procedures and not by unilaterally deciding that it can be ignored. Manness v. Meyers, 419 U.S. 449, 458 ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person . . . believes that order is incorrect, the remedy is to appeal, but absent any stay, he must comply with the order.") The procedure that Roe was required to have followed, given any one of his assumptions, was to move the Court for an Order unsealing the document providing the reasons and the authority for granting the relief sought.

The injunctions issued by the Court were deemed compelled by Roe's ignoring of the sealing directives; the danger to the life of John Doe by publishing the sealed matter and for his possession of and threatened publication of information in a presentence report which is not a Court document In re Siler, 571 F.3d 604, 610 (6th Cir. 2009); United States v. Corbitt, 879 F.2d 224, 239 (7th Cir. 1989); United States v. McKnight,

4

771 F.2d 388, 391 (8th Cir. 1985), and the confidentiality of which is sedulously guarded. United States v. Charmer Industries, 711 F.2d 1164 (2d Cir. 1983).

Regarding Roe's demand letter of February 4th, 2011, as a motion to unseal "all events that have occurred in this case" and the government's motion requesting a "temporary stay of the unsealing of the materials placed under seal by Judge Glasser pending the appeal of this matter," which the Court of Appeals granted, it would appear that the issues of sealing and unsealing are the "aspects of the case involved in the appeal."

It is for those reasons that the Court is uncertain of its continuing jurisdiction to address the controversy presented by the letters referenced above. Accordingly, I request the government, Richard Roe and John Doe to brief the issue of the Court's jurisdiction and submit their briefs simultaneously on April 8th, 2011.

SO ORDERED.

Dated: Brooklyn, New York
March 23, 2011

ILG
I. Leo Glasser

5

```
*************** -COMM. JOURNAL- ******************** DATE MAR-23-2011 ***** TIME 15:39 ********

     MODE = MEMORY TRANSMISSION              START=MAR-23 15:34      END=MAR-23 15:39

         FILE NO.=356

STN   COMM.    STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES      DURATION
NO.
001    OK      ⌐2236                                       006/006    00:01:02
002    OK      ⌐917182546669                               006/006    00:00:48
003    OK      ⌐912123878229                               006/006    00:00:45
004    OK      ⌐912124903038                               006/006    00:00:51


                                                     -JUDGE I. LEO GLASSER     -

***** UF-7200 ********************** -         - ***** -    718 613 2446- *********
```

# FAX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 Cadman Plaza East
Brooklyn, NY 11201

Chambers of I. Leo Glasser
Senior United States District Judge

Fax: 718-613-2446
Tel: 718-613-2440

Date:   March 23, 2011

From:   Judge Glasser

To:     Judge Cogan
        Todd Kaminsky
        Nader Mobargha
        Richard Lerner

Fax No. 718-613-2236
        718-254-6669
        212-387-8229
        212-490-3038

5 pages follow