# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000   Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

—

www.wilsonelser.com

April 4, 2011

**Filed in Camera but Requesting Unsealing and Docketing**

**By Facsimile –** 718-613-2236

The Hon. Brian M. Cogan
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:   Roe v. US v. Doe
>         2d Cir. Case No.   :   Roe v. US v. Doe, 10-2905 & 11-479-cr
>         EDNY Case No.      :   US v. Doe, 98-CR-1101 (ILG)
>         <u>Our File No.       :   07765.00155</u>

**Application for Reconsideration of Affirmative Injunction or Stay
Pending Submission of Application for Stay to the Second Circuit**

Dear Judge Cogan:

      We represent attorney "Richard Roe." We respectfully request reconsideration of the affirmative order you issued on April 1, 2011, directing Mr. Roe to delete from the hard drive of his computer four "documents" that were the subject of previous hearings before Judge Glasser and to return any photocopies of the documents in his possession. Alternatively, we request a stay of the injunction pending submission of an application for a stay to the Court of Appeals. The request for an injunction was raised by the U.S. Attorney's office without advance notice and without briefing, and we believe the April 1st injunction was improvidently granted for the following reasons:

      1.     Mr. Kaminsky unexpectedly requested the injunction under this Court's remand authority to oversee compliance with "orders previously entered by Judge Glasser" (JA 1248),[1] contending Judge Glasser had orally ordered Mr. Roe to give all copies of the documents to the U.S. Attorney at a hearing on July 20, 2010. As recounted by Mr. Kaminsky:

> [A]t the end of the July 20th proceeding, Mr. Doe's counsel at that time, Ms. Moore, says specifically to Judge Glasser we would like you to include in the TRO copies of the documents because although Mr. Roe is telling you he's given them back to you, what good is that if he has

---

[1] "JA" refers to the Joint Appendix for Mr. Roe's pending appeal, a copy of which is in your Honor's possession.

**Error! Unknown document property name.**

copies? The judge says I agree. Mr. Lerner's response is, are you issuing a further TRO? The judge says I am.

(April 1, 2011 Hearing Tr. at 12-13). That incomplete description, however, was misleading. The exchange paraphrased by Mr. Kaminsky followed an inquiry by Judge Glasser as to whether the "whole proceeding was moot because the documents have been surrendered?" (JA 706:4-7.) Ms. Moore explained that it was not, because only the originals had been returned, and expressed the concern that Mr. Roe should not be allowed to give just the originals back while remaining "free to disseminating [sic] copies." (JA 706:8-17.) Judge Glasser immediately responded to her specific concern about dissemination of copies by saying "I think, I indicated [Mr. Roe] should not do *that*. (JA 706:18-19; emphasis added). He continued: "I think it was in the form of an order and that order, I believe, if I have not done so, I am doing it now and if you want it in writing **until I resolve this issue**." (JA 706:19-22.) At this point Mr. Lerner asked "You are issuing another TRO?" and Judge Glasser responded, "Yes, I am. ***I'm issuing a further TRO for the reasons that I have indicated.***" (JA 706:23-707:1; emphasis added).

In context, the "further TRO" Judge Glasser said he intended to issue was the extension of the existing TRO beyond the July 20 hearing. Leaving no doubt that this "further order" was an extension of the ***existing*** TRO, Judge Glasser concluded the exchange by stating: "***The*** TRO is continued for another ten days." (JA 706:25 to JA 707:15; emphasis added).

This Court's injunction of April 1st overlooked that there was only one "TRO" ever issued by Judge Glasser, which did not require the destruction of all copies of the documents, and his "further order" of July 20 simply extended its term. The TRO issued by Judge Glasser appears at page JA 5, and it provides:

> "ORDERED, that pending said hearing, Messrs. Kriss, Ejekam and [Roe] and their representatives, employees and agents, and all other persons acting in concert with them and all other persons who have obtained the Sealed and Confidential Materials, are restrained and enjoined from disseminating the Sealed and Confidential Materials or information therein further[.]"

This Court misapprehended that there a specific order from Judge Glasser for Mr. Roe to return all hard copies of the documents and destroy all electronic copies. There was not. The TRO was only intended to preserve the status quo *because that's all a TRO can do* and Judge Glasser understood that a TRO could not properly have ordered the destruction of all copies of the documents because that was a part of the final relief sought in the proceeding. (See JA 4) ("ORDERED, that Jody Kriss, Michael Ejekam and [Roe] show cause … why an order should not be issued requiring [them] and any other persons who have acquired the Sealed and Confidential Materials to immediately return the Sealed and Confidential Materials to Mr. [Doe].") This was the ultimate relief sought in the order to show cause, and *no order was ever issued granting this prayer for relief*.

2. This Court's April 1st order was also entered without the benefit of the subsequent history in this proceeding, which confirms that the July 20 extension of the TRO was ***not*** an order to destroy all copies of the documents in Mr. Roe's possession. In

a Stipulated Order entered by Judge Glasser on August 12, 2010 "[p]ending a Settlement or issuance of [a further order]", Mr. Roe agreed not to "*disseminate the Documents or information obtained therefrom, except as may be required for the purposes of [his] pending appeal....*" (JA 717, ¶1c.) Plainly, as of August 12 Judge Glasser understood that Mr. Roe retained copies and that he would use them in arguing his appeal, and *Judge Glasser expressed no intent that the copies held by Mr. Roe must be destroyed.*

Again, after Mr. Roe withdrew his consent to the standstill agreement in the stipulated order, and asked Judge Glasser to proceed and issue a final order on his right to use the documents, the U.S. Attorney on November 23, 2010 specifically requested the court at that point "*to order Frederick Oberlander, Esq., to return the sealed documents in his possession....*" (JA-728.) This request makes no sense if Mr. Roe was already under order to return or destroy all copies of the documents.

Mr. Doe's own counsel had just written a similar letter to Judge Glasser on November 16, 2010, acknowledging that under the Stipulated Order "we have until November 24, 2010 to submit a supplemental memorandum of law in support of our application for relief, *including an order directing the Respondents to return or destroy all copies of the sensitive and confidential documents* in their possessions that were taken from our client without his consent and knowledge and that relate to a sealed criminal matter." (JA-727; emphasis added). Thus we see that Doe also understood that Judge Glasser had not ordered the destruction of the documents, and was now seeking such an order. *Judge Glasser never issued any such subsequent order.*

***Contrary to their unexpected about-face and surprise posture they took last Friday, both the government and Mr. Doe have previously acknowledged that Mr. Roe was not under any order to return or destroy all copies of the documents at issue, facts not presented to the court last Friday.***

3.  Due to the manner in which the issue was raised, the court was also not presented with a number of legal reasons why Judge Glasser's oral order of July 20 should not be enforced under the limited remand jurisdiction granted by the Second Circuit, even if that order had actually directed the destruction of all copies of the documents. The order was not an order. It was invalid. We are not here suggesting that it was appealable (or not), or that Judge Glasser abused his discretion in issuing it. We are instead saying it was entirely dictum and thus not enforceable. The remand cannot be read as requiring your honor to enforce non-existent or unenforceable orders.

Oral, unwritten orders like Judge Glasser's do not comport with FRCP 52 (which requires express findings of fact and conclusions of law when a court issues an order) and FRCP 65. Oral orders violate the form and content required by Rule 65, which is "properly met by a written order, a document lacking here." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 104-06 (2d Cir. 2009). Here, Judge Glasser never issued a written order directing the return or destruction of any further documents. Moreover, the only written order ever issued by Judge Glasser is the original TRO, which was extended several times but is no longer in force. (Although Mr. Roe has *voluntarily* continued to behave as if the TRO were in force.)

Moreover, orders must have findings and all of the FRCP 65 requirements must be self-contained within the four corners of the document. "For the reasons stated" cannot suffice as there are no reasons stated in that transcript and if there were it would not be clear which ones Judge Glasser was referring to.

Indeed it is precisely for this reason, to avoid argument on what is and isn't a valid order, that FRCP 65 requires a writing. There is no wiggle room. As the *Garcia* court, which adopted the clear reasoning of *Bates v. Johnson*, 901 F.2d 1424 (7th Cir. 1990) ("**Oral statements are not injunctions**"), stated: "For many of the reasons discussed supra Part II(B)(1), however, we conclude that the District Court's statements at the September 15, 2004 hearing did not constitute a temporary restraining order *because they did not detail the acts restrained or required* **and were not reduced to a written order**." (Emphasis added).

* * *

We regret the facts and law were not properly laid out for the Court before it ordered the destruction of all copies of the documents in Roe's possession, but we were not aware in advance that this issue would be raised at the April 1st hearing. The full record compels reconsideration and we urgently ask that the April 1st injunction be withdrawn so it is not necessary to file a further appeal to preserve Mr. Roe's position on the issues already before the Second Circuit.

The above should dispel any implication that Roe has not scrupulously abided by the orders issued by Judge Glasser. ***Roe has not simply disregarded orders, as counsel repeatedly suggest.***[2] To the contrary, he has always sought to abide by Judge Glasser's TRO, notwithstanding his belief that it is a transparently invalid unconstitutional prior restraint on his First Amendment rights. He will voluntarily continue to abide by the non-dissemination directive of the TRO during the pendency of the appeal, so there is no risk that if this Court rescinds its injunction to delete the documents from Mr. Roe's computer that they will then be freely disseminated. While the appeal is pending, Mr. Roe will continue to seek guidance from this Court on what he may do with the information in the disputed documents.

---

[2] For example, in his letter requesting summary contempt, Doe's counsel accuses Roe of defying a May 14, 2010 order of Judge Buchwald, which he knows full well was superseded by an abeyance order a few days later, and he omitted any mention of that abeyance from his letter to this court demanding summary contempt findings.

Additionally, in the government's argument to the court on April 1st, Mr. Kaminsky stated that Roe is in violation of some court order, "[H]e still has them in direct contravention of the court's order saying give them back, give them to the U.S. Attorney's office." The Court will note nothing on July 20 refers to the U.S. Attorney's office, and the documents themselves did not come from that office, but from Bayrock. Please note that the order to show cause before Judge Glasser sought the return of the documents at issue to Mr. Doe, not to the government, and did not seek their destruction. (See JA 4). The government never moved for recovery of the documents, and thus lacks standing to assert that they should be returned to it, much less destroyed.

Accordingly, we respectfully request this Court:

A. Reconsider its oral order of April 1, 2010, and withdraw its injunction that Mr. Roe delete the documents at issue from the "c" drive of his desktop computer by no later than April 4, 2011;

B. Failing that, we request a stay of the injunction for two days, to afford the Second Circuit an opportunity to consider a motion to stay this Court's order, and

C. Further request that this letter and the proceeding of April 1, 2011 be unsealed and that a public docket of these proceedings be maintained.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/s/
Richard E. Lerner

cc: Via E-Mail:
Michael Beys and Nader Mobargha – Counsel for Doe
Todd Kaminsky – US Attorney's Office
David Schulz – Counsel for Roe
"Richard Roe"