# Richard E. Lerner

| | |
|---|---|
| **From:** | Nader Mobargha <nmobargha@bsmlegal.net> |
| **Sent:** | Wednesday, May 18, 2011 6:27 PM |
| **To:** | Lerner, Richard E.; fred55@aol.com; dschulz@lskslaw.com |
| **Cc:** | Michael P. Beys |
| **Subject:** | Settlement Agreement |
| **Attachments:** | 2011.05.17_Settlement Agreement Roe Doe v2.doc |

Richard and Fred,

While we are still on board conceptually to settle, we reviewed your Agreement in detail and find that it is not a form which we can work with. The Agreement is too broad and covers too many areas that we found to be superfluous. The Agreement also goes so far as to modify and vacate orders, which we do not think private parties can do without an actual motion to the court.

We have attached a simpler settlement agreement which we believe accomplishes both of our goals: We provide you the stipulations that are a necessary starting point for your RICO action and, in return, you refrain from all motion practice to unseal docket entries concerning those stipulations. We also agree to delay any action against your client and others until September 15, 2011. This is fair for both parties. This is the final deal, subject to minor comments you may have.

Frankly, this is more than fair for your client as he has reached the end of his litigation rope. Even if Judge Glasser decides to hold a hearing or oral argument to determine whether to unseal specific docket entries of Doe's criminal proceeding, he will do so without considering your arguments or appeals. If you believe you are driving the unsealing issue, you are mistaken. And regarding your motion to intervene into the Bernstein litigation, we find it without support in fact or in law. Our case against Bernstein is not about the First Amendment; it is about theft. Rest assured, however, if we do not settle, Roe, Jody Kriss and others (potentially even Ron Kriss) will have plenty of opportunity to respond to our allegations of theft as they will soon be a part of a litigation concerning that very issue.

Let us know at your earliest convenience if this is acceptable to you.

Nader


**Nader Mobargha**

_____

BEYS, STEIN & MOBARGHA LLP     Tel:212.387.8200 ext 2
The Chrysler Building                              Fax: 212.387.8229
405 Lexington Avenue
7th Floor
New York, NY 10174
nmobargha@bsmlegal.net

Please consider the environment before printing this e-mail

Confidentiality Notice:
The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution, copying, printing or saving of this e-mail and any attachments is strictly prohibited. If you received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately.

# SETTLEMENT AGREEMENT

THIS **SETTLEMENT AGREEMENT**, dated May __, 2011, the parties, John Doe and Richard Roe agree as follows:

**WHEREAS,** on May 13, 2010, Richard Roe filed a complaint against John Doe and others in the Southern District of New York (*Kriss* v. *Bayrock Group, LLC et al.,* 10 Civ. 3959 (NRB) (the "SDNY Action");

**WHEREAS,** the parties are currently engaged in litigation in the U.S. District Court for the Southern District of New York (i.e., the SDNY Action), the U.S. District Court for the Eastern District of New York (*U.S.* v. *John Doe,* 98-CR-1101 )(the "Criminal Proceeding"), and the U.S. Court of Appeals for the Second Circuit (*Richard Roe* v. *U.S.* v. *John Doe*, 10-2905, 11-479) (the "Appeals") over the disclosure of sealed and confidential information concerning John Doe and the unsealing of various docket entries in the Criminal Proceeding;

**WHEREAS**, the parties wish to enter into a stand-still agreement over these issues.

**NOW THEREFORE,** in consideration of the mutual covenants, agreements, warranties, and representations made and contained herein, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, John Doe and Richard Roe agree as follows:

1. For the sole purpose of Richard Roe's prosecution of the SDNY Action, John Doe will stipulate and agree to the following facts:

    a. he was convicted of RICO in 1998;

    b. As a penalty, he was sentenced to pay $25,000 in restitution as a result of the 1998 RICO conviction; and

    c. the U.S. Government directed John Doe not to tell anyone, including anyone at Bayrock, about his Criminal Proceeding.

2. Richard Roe will withdraw all the Appeals and any motions or applications in or relating to the Criminal Proceeding and the Appeals, including but not limited to any motions or applications to unseal Doe's confidential and sealed information or the docket entries in the Criminal Proceeding.

3. Richard Roe will refrain from writing any letters or making any further motions or applications before any court to unseal Doe's confidential and sealed information or the docket entries in the Criminal Proceeding.

4. Between now and September 15, 2011, or such later time as may be mutually agreed upon by the parties, John Doe will not bring any action or commence any proceeding against Richard Roe, Jody Kriss, or Ronald Kriss, concerning the disclosure of Doe's sealed and confidential information in the SDNY Action. Specifically, Doe and agrees not to:

   a. report Richard Roe to the Grievance Committee for his role, as an attorney, in disseminating Doe's Sealed and Confidential Information;

   b. seek sanctions, including civil contempt, against Richard Roe for disseminating Doe's Sealed and Confidential Information;

   c. file a lawsuit against Richard Roe, Jody Kriss, or Ronald Kriss for their role in publicly disclosing Doe's sealed and confidential information; and

   d. publicly disclose or reveal, either as a defense or otherwise, the circumstances surrounding Jody Kriss and Joshua Bernstein's termination from the Bayrock Group.

5. Richard Roe will join Doe in making an application to file the SDNY Action under seal.

6. Richard Roe will not publicly disclose or further disseminate Doe's confidential and sealed Information to anyone.

7. Richard Roe and John Doe agree that the existence, substance and terms of this Agreement are confidential and shall not be disclosed to anyone other than their current respective attorneys, except as required by law and then only to the extent necessary.

8. This Agreement is the entire agreement of the parties and shall not be modified nor may any party waive any rights under this Agreement except by a written agreement executed by all the parties to this Agreement.

9. The Agreement shall be binding upon the respective parties and their heirs, successors, and assigns.

10. The Agreement may be executed in counterparts, each counterpart is to be treated as an original, and facsimile signatures shall be treated as originals.

11. In the event of a dispute or ambiguity, each party shall be viewed as the drafter of this Agreement so as not to raise a negative inference as to either party in any Court.

12.     If either party breaches this Agreement, then he is responsible for paying the attorney's fees of the other party in connection with the enforcement of this agreement or any other litigation that arises as a result of the breach.

13.     This Agreement shall be governed by and construed in accordance with the laws of the State of New York.


Dated:  New York, New York
        May __, 2011


_____
John Doe


_____
Richard Roe