

**RICHARD ROE, an attorney, Appellant, JANE DOE AND JOHN DOE II, clients of Richard Roe, Pro Se Appellants, v. UNITED STATES OF AMERICA, Appellee, JOHN DOE, Defendant-Appellee.**

**Nos. 10-2905-cr, 11-479-cr, 11-1408-cr, 11-1411-cr, 11-1666-cr, 11-1906-cr, 11-2425-cr**

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

*2011 U.S. App. LEXIS 13335*

**June 29, 2011, Decided**

**NOTICE:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1]
Appeal from a May 18, 2010 temporary restraining order, a June 21, 2010 permanent injunction, a July 20, 2010 temporary restraining order, and a March 23, 2011 scheduling order issued by the United States District Court for the Eastern District of New York (I. Leo Glasser, Judge); appeal also from orders of April 1, 2011, April 4, 2011, and May 13, 2011 of the United States District Court for the Eastern District of New York (Brian M. Cogan, Judge).
*Roe v. United States, 2011 U.S. App. LEXIS 2903 (2d Cir., Feb. 14, 2011)*

**COUNSEL:** FOR APPELLANT RICHARD ROE: Richard E. Lerner, Wilson Elser, Moskowitz Edelman & Dicker LLP, (David A. Schulz and Jacob P., Goldstein, Levine Sullivan Koch & Schulz LLP; Paul G. Cassell, S.J., Quinney College of Law at the University of Utah, on the brief), New York, NY and Salt Lake City, UT.

FOR APPELLEE UNITED STATES OF AMERICA: Todd Kaminsky, Assistant United States Attorney (Peter A. Norling and Elizabeth J. Kramer, Assistant United States Attorneys; Loretta E. Lynch, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLEE JOHN DOE: Nader Mobargha, Beys, Stein & Mobargha LLP, New York, NY.*

* Pursuant to our order of February 14, 2011, John Doe was [*2] not invited to brief this appeal, nor has he moved to submit a brief. However, Doe has filed various letters and opposition papers in response to Roe's motions throughout the course of the appeal.

**JUDGES:** PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, DENNY CHIN, Circuit Judges.

**OPINION**

**SUMMARY ORDER**

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court permanently enjoining the dissemination of John Doe's Pre-Sentence Report is **AFFIRMED.**

The appeal in Docket No. 10-2905-cr is **DISMISSED** in part, and the appeal in Docket No. 111408-cr is **DISMISSED** in full, insofar as they challenge the District Court's temporary restraining orders of May 18, 2010 and July 20, 2010 and insofar as they challenge any related orders that may have been entered or re-affirmed on May 28, June 11, June 14, or June 21, 2010.

The appeal in Docket No. 11-1411-cr is **DISMISSED** because appellant has waived his opportunity to challenge Judge Brian M. Cogan's orders of April 1, 2011 and April 4, 2011.

The appeal in Docket No. 11-1906-cr is **DISMISSED** for want of jurisdiction.

With respect to Docket No. 11-2425-cr, the order of Judge Cogan is **AFFIRMED.**

The appeal in Docket No. 11-1666-cr [*3] by *pro se* appellants is **DISMISSED** in all respects except insofar as it challenges the District Court's permanent injunction against the dissemination of Doe's PSR; with respect to that claim, the judgment of the District Court is **AFFIRMED.**

The Clerk of Court is **DIRECTED** to close Docket Nos. 11-1408-cr, 11-1411-cr, 11-1906-cr, and 11-2425-cr upon entry of this order. The Clerk of Court is also **DIRECTED** to close Docket No. 11-479cr to the extent it was not already closed upon entry of our February 14, 2011 order. *See* Order, *Roe v. United States, Docket Nos. 10-2905-cr, 11-479-cr, 2011 U.S. App. LEXIS 2903 (2d Cir. Feb. 14, 2011)*.

The remainder of this cause (Docket Nos. 10-2905-cr, 11-1666-cr) is **REMANDED** to the District Court (I. Leo Glasser, *Judge*) for proceedings consistent with this order and with instructions (i) to rule upon the government's unsealing motion of March 17, 2011, (ii) to issue a final determination regarding whether the dissemination of the other (non-PSR) sealed documents in John Doe's criminal case, particularly those that refer to Doe's cooperation, should be enjoined, and (iii) in the event that a final determination regarding the dissemination of the other sealed documents does not result [*4] in an injunction against the dissemination of documents referring to Doe's cooperation, to enter an order temporarily staying the unsealing of any documents referring to Doe's cooperation pending an appeal by the government to our Court. In the event that the government elects not to appeal the unsealing of any documents that may be unsealed by the District Court, the government is **ORDERED** to notify the District Court and our Court of its decision not to pursue the appeal within the otherwise applicable time for taking the appeal.

It is further **ORDERED** that, pursuant to *United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994)*, this panel shall retain jurisdiction over any further appeals from proceedings in the District Court, including any further petitions for extraordinary writs.

It is hereby **ORDERED** that Judge Cogan shall retain jurisdiction for the limited purpose of enforcing our February 14, 2011 mandate--that is, to ensure the parties' compliance with the orders of this Court and any that have been, or may hereafter be, entered by Judge Glasser. Our panel retains jurisdiction pursuant to *United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994)*, over any appeals from any orders or judgments [*5] entered by Judge Cogan.

Finally, it is **ORDERED** that appellant Richard Roe is hereby warned that the Court's patience has been exhausted by his filing of six separate notices of appeal regarding the same principal legal dispute--including the filing of an appeal from a March 23, 2011 scheduling order that obviously was not a final order nor subject to any of the exceptions to the "final judgment rule," *see* Part (iv), *post*--and that any further attempts to re-litigate the issues decided by this order, or other future filings of a frivolous nature, may result in sanctions, including the imposition of leave-to-file restrictions, requirements of notice to other federal courts, and monetary penalties.

The Clerk of Court is **DIRECTED** to transmit a copy of this order to Judge Cogan.

## INTRODUCTION

Appellant Richard Roe ("Roe"), an attorney, and two of his clients, *pro se,* appeal from a May 18, 2010 temporary restraining order, a June 21, 2010 permanent injunction, a July 20, 2010 temporary restraining order, and a March 23, 2011 scheduling order entered by Judge Glasser. Because the *pro se* appellants incorporate Roe's arguments as their own and make no other independent legal claims, our legal conclusions [*6] apply to all appellants, though our order refers principally to Roe.

## BACKGROUND

### A. The SDNY Complaint and Judge Glasser's Initial Rulings

On May 10, 2010, Richard Roe publicly filed a civil RICO complaint against John Doe ("Doe") and other defendants in the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*). Attached to the complaint were exhibits that included sealed materials from Doe's criminal case in the Eastern District of New York. The complaint itself explicitly referenced the confidential information in the exhibits, including the fact that Doe had cooperated with the government.

On May 18, 2010, upon an application by Doe, Judge Glasser issued an order to show cause why a preliminary injunction should not be entered against Roe's dissemination of the sealed materials from Doe's criminal case. He also temporarily restrained Roe and his clients from "disseminating the Sealed and Confidential Materials or [the] information therein." The materials in Roe's possession included a 2004 Pre-Sentence Report ("PSR"), two proffer agreements, Doe's cooperation agreement, a criminal complaint, and a criminal information. The TRO was later extended [*7] multiple times

without objection (and, on some occasions, at Roe's request) until a hearing could be held on June 21, 2010.

At the June 21, 2010 hearing, Judge Glasser heard testimony from Roe before issuing a permanent injunction against dissemination of the 2004 PSR, pursuant to *United States v. Charmer Industries, Inc., 711 F.2d 1164 (2d Cir. 1983)*. He also directed Roe to return the PSR to the United States Attorney's Office (Roe eventually returned the PSR directly to the court). With respect to the other sealed documents, Judge Glasser extended his temporary restraining order until July 20, 2010, with Roe's consent, and requested that the parties brief whether the court had the authority to permanently enjoin the dissemination of those documents.

On July 9, 2010, Roe filed a notice of appeal concerning Judge Glasser's May 18, 2010 and June 21, 2010 orders.

On July 20, 2010, Judge Glasser held another hearing at which he recited his factual findings, including: (1) that Roe knew the documents at issue were sealed prior to his public filing of those documents; (2) that one of Roe's clients had "wrongfully taken" and had "no legal right to those documents"; and (3) that dissemination [*8] of the documents would cause "irreparable harm, which is imminent to Mr. John Doe . . . [and] would put Mr. John Doe's safety at risk." Over Roe's objection, Judge Glasser reaffirmed his ruling of June 21, 2010 regarding the permanent injunction against dissemination of the PSR and extended his TRO with respect to the other sealed documents for another 10 days. He further ordered that the permanent injunction and TRO should cover all copies of the documents at issue, and that all originals and copies of such documents were to be returned or destroyed until Roe met his "burden with respect to whether or not there is some need to maintain those documents or to keep them." The TRO was subsequently extended to August 13, 2010, by request of the parties, while they negotiated a possible settlement.

On August 10, 2010, Roe filed a notice of appeal concerning the July 20, 2010 order that re-affirmed the permanent injunction and extended the TRO.[1] Judge Glasser has not since issued a final ruling regarding the disclosure of the non-PSR sealed documents.

> 1  On February 7, 2011, Roe also filed a petition for a writ of mandamus requesting that we order the District Court to withdraw its various injunctive [*9] and temporary restraining orders and publicly docket Doe's criminal case. We denied this petition in our order of February 14, 2011. *See* Order, *Roe v. United States*, Docket Nos. 10-2905-cr, 11-479-cr, 2011 U.S. App. LEXIS 2903 (2d Cir. Feb. 14, 2011).

**B. Our February 14, 2011 Order and Judge Cogan's Assignment to Enforce Our Mandate**

On February 14, 2011, we heard oral argument on the government's motion for a temporary stay of the unsealing of the appeal. In an order issued that day orally and later in written form, we granted the government's request to keep the appeal under seal and temporarily enjoined Roe and his associates from distributing or revealing in any way any documents or contents thereof subject to sealing orders in Doe's criminal case or on appeal. *See* Order, *Roe v. United States, Docket Nos. 10-2905-cr, 11-479-cr, 2011 U.S. App. LEXIS 2903 (2d Cir. Feb. 14, 2011)*. We also remanded the cause to the District Court for the Eastern District of New York for the limited purpose of allowing the Chief Judge to assign a District Judge to "implement[ ] and oversee[ ] compliance with our orders and the orders previously entered by Judge Glasser." *Id.* Pursuant to our order, then-Chief Judge Dearie referred the case to Judge Brian M. [*10] Cogan for enforcement of this limited mandate.

On March 1, 2011, Roe submitted a letter requesting "clarification" from Judge Cogan that, notwithstanding our order of February 14, 2011, he was permitted to disseminate certain information within the sealed documents because that information was allegedly public knowledge. On April 1, 2011, Judge Cogan held a hearing regarding Roe's request. At that hearing Judge Cogan learned that Roe had not yet destroyed or returned certain electronic and paper copies of the original PSR and other sealed documents, in violation of Judge Glasser's July 20, 2010 order. Accordingly, by oral order on April 1, 2011, and by a subsequent written order of April 4, 2011, Judge Cogan ordered Roe to destroy or return any remaining electronic or paper copies of the PSR and other sealed documents, without prejudice to his ability to seek the documents if any of the various sealing orders were vacated by our Court. *See* Order, *United States v. Doe* (E.D.N.Y. Apr. 4, 2011).

On April 8, 2011, Roe filed a notice of appeal with respect to Judge Cogan's orders of April 1 and April 4, 2011.

On May 13, 2011, Judge Cogan issued a written order denying Roe's March 1, 2011 request [*11] to release certain information contained within the sealed documents. After opining that information "available to the public" was not covered by our injunction, Judge Cogan nevertheless ordered that Roe could not "extrapolate from sealed documents . . . [which] could easily be combined with and thereby tainted by Roe's knowledge of non-public sealed information." Order, *United States v. Doe* (E.D.N.Y. May 13, 2011). Upon a review of the specific statements and information that Roe intended to

release, Judge Cogan further concluded that "[i]t seems obvious that Roe is seeking to fatally undermine the purpose of the injunctions by publicizing information that would render them ineffective." *Id.*

On June 15, 2011, Roe filed a notice of appeal with respect to Judge Cogan's order of May 13, 2011.

### C. Recent Events before Judge Glasser

On March 17, 2011, after learning that Doe's criminal conviction had been disclosed in a press release by the U.S. Attorney's Office for the Eastern District of New York, the government moved before Judge Glasser for a limited unsealing of the docket and certain documents in Doe's underlying criminal case. The government explicitly sought to unseal only those docket [*12] entries and documents that did not refer to Doe's cooperation with the government.

On March 23, 2011, Judge Glasser issued a scheduling order in which he stated that he was "uncertain of [his] continuing jurisdiction to address the controversy presented by [Roe's February 4, 2011 'demand' that the case be docketed and the government's March 17, 2011 motion for a limited unsealing of the case]." Scheduling Order, *United States v. Doe* (E.D.N.Y. March 23, 2011). Accordingly, he requested that "the government, Richard Roe and John Doe [ ] brief the issue of the Court's jurisdiction and submit their briefs simultaneously on April 8th, 2011." *Id.*

In addition to setting the briefing schedule, the order reflected Judge Glasser's factual finding that Roe had "knowingly and intentionally flouted a Court order" by "unilaterally deciding" to disclose information in Doe's sealed criminal case. *Id.*

On May 11, 2011, Roe filed a notice of appeal concerning Judge Glasser's March 23, 2011 order.

On April 19, 2011, upon requests from both Roe and the government, we issued an order confirming that Judge Glasser retained jurisdiction "to decide the government's motion to unseal, as well as to decide any other [*13] pending or future motions to unseal that would not result in the public disclosure of docket entries or underlying documents that reference John Doe's cooperation with the government." Order, *Roe v. United States,* Docket Nos. 10-2905-cr, 11-479-cr (2d Cir. Apr. 19, 2011) (emphasis in original).

Judge Glasser has not yet acted on the government's March 17, 2011 motion to unseal.

We assume the parties' familiarity with the remaining facts and procedural history of the case.

### DISCUSSION

(i)

On appeal, Roe argues that the District Court violated his *First Amendment* rights in permanently enjoining the dissemination of Doe's PSR and requiring him to return it to the government. We review a district court's grant of a permanent injunction for abuse of discretion. *Roach v. Morse, 440 F.3d 53, 56 (2d Cir. 2006)*; *see also Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008)* (explaining "abuse of discretion").

Under *United States v. Charmer Industries, Inc., 711 F.2d 1164 (2d Cir. 1983)*, third parties must satisfy a heightened standard in order to obtain access to a PSR, which is a sealed "court document designed and treated principally as an aid to the court in sentencing." *Id. at 1176*. Specifically, a third [*14] party seeking access to a PSR bears the burden of making a "compelling demonstration that disclosure of the report is required to meet the ends of justice." *Charmer Indus., Inc., 711 F.2d at 1175*.

Here, Judge Glasser, who had presided over Doe's criminal case and was therefore familiar with the extent of Doe's cooperation and his assistance in obtaining the convictions of myriad violent criminals, explicitly entered a finding that releasing proof of Doe's cooperation would cause him irreparable harm and would put his safety at risk.

Judge Glasser also found that Roe had improperly refused to submit an application to the Court to unseal the report, despite his knowledge that the report was sealed and came from a sealed criminal case. *See id. at 1170* ("[T]he presentence report is a court document and is to be used by nonjudicial federal agencies and others *only with the permission of the court.*" (emphasis supplied)); *see also Zyprexa Litig., 474 F. Supp. 2d 385, 417 (E.D.N.Y. 2007)* (enforcing a preliminary injunction requiring the return of sealed documents pursuant to the court's "inherent authority to enforce [its] orders"), *aff'd, 617 F.3d 186 (2d Cir. 2010)*. Judge Glasser [*15] found, instead, that Roe had determined unilaterally that he was entitled to publicly disclose the report.

Judge Glasser balanced his findings of physical danger to Doe and the intentional defiance of a sealing order by Roe--findings that we hold were not clearly erroneous--against Roe's asserted need to use the PSR in the SDNY civil case to establish that Doe had defrauded investors and others by not revealing his conviction. Because proof of Doe's conviction (as opposed to his cooperation) remains available from other public documents-- including a press release by the United States Attorney's Office for the Eastern District of New York--and because the PSR is an incomplete and ultimately inadmissible document to which neither Doe nor the government will

ever have the opportunity to object, *see Charmer Indus., Inc., 711 F.2d at 1170-71*, the PSR is of dubious utility in the civil case except as a tool to intimidate and harass Doe by subjecting him to danger. Accordingly and in sum, disclosure of the report is not "required to meet the ends of justice," *id. at 1175*--indeed, quite the opposite. The District Court did not err, much less abuse its discretion, in imposing a permanent injunction [*16] against dissemination of the PSR. *See, e.g., United States v. Charmer Indus., Inc., 711 F.2d at 1177* (stating that a "central element in the showing required of a third person seeking disclosure is the degree to which the information in the [PSR] cannot be obtained from other sources").

(ii)

Doe argues that the District Court violated his *First Amendment* rights by temporarily restraining his continued possession and dissemination of the other sealed documents from Doe's criminal case.

A TRO, which is appropriate when "speed is needed . . . to prevent irreparable harm," *Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 106 (2d Cir. 2009)* (internal quotation marks omitted), is not a final judgment and is not ordinarily appealable. *See Gen. Motors Corp. v. Gibson Chem. & Oil Corp., 786 F.2d 105, 108 (2d Cir. 1986)*. To the extent we may, in our discretion, exercise pendent jurisdiction over the order pursuant to *Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 45, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995)*, we decline to do so here. Accordingly, Roe's appeal is dismissed insofar as it challenges the District Court's temporary restraining orders of May 18, 2010 and July 20, 2010.

(iii)

On April 8, 2011, Roe filed a notice of appeal with respect [*17] to Judge Cogan's orders of April 1 and April 4, 2011. Roe did not raise any arguments with respect to that appeal in his reply brief of April 18, 2011, nor has he filed a motion for leave to submit supplemental briefing.² Accordingly, we hold that Roe has waived his right to challenge Judge Cogan's orders of April 1 and April 4, 2011. *See, e.g., In re Wireless Data, Inc., 547 F.3d 484, 492 (2d Cir. 2008)* (deeming arguments not raised on appeal waived).

> 2  Although arguments raised for the first time in a reply brief are generally deemed waived, *see Connecticut Bar Ass'n v. United States, 620 F.3d 81, 91 n.13 (2d Cir. 2010)*, Roe's opening brief was filed on March 28, 2011, and therefore could not have raised any arguments with respect to Judge Cogan's orders of April 1 and April 4, 2011. Accordingly, we do not base our finding of waiver on Roe's failure to discuss Judge Cogan's orders in his opening brief; rather, our holding is based on his failure to discuss them in his reply brief or in a motion for leave to submit supplemental briefing.

His appeal from those orders is hereby dismissed.

(iv)

Roe appeals from Judge Glasser's scheduling order of March 23, 2011, insofar as it reflects Judge [*18] Glasser's factual finding that Roe "knowingly and intentionally flouted" a court order. Scheduling Order, *United States v. Doe* (E.D.N.Y. Mar. 23, 2011).

We do not have jurisdiction over Roe's claim because the March 23, 2011 order was not a final order pursuant to *28 U.S.C. § 1291*, nor are any of the exceptions to the "final judgment rule" applicable in the circumstances presented. *See generally Reiss v. Societe Centrale Du Groupe Des Assurances Nationales, 235 F.3d 738, 745 (2d Cir. 2000)* (discussing the "final judgment rule" and its exceptions).

Accordingly, Roe's appeal from the March 23, 2011 order is dismissed.

(v)

On June 15, 2011, Roe filed a notice of appeal with respect to Judge Cogan's order of May 13, 2011. We review Judge Cogan's interpretation of our February 14, 2011 order and his interpretation of the sealing orders of Judge Glasser *de novo.*

After an item-by-item review of the specific information that Roe wished to publicly release--including (a) John Doe's real name, linked with his criminal docket number, (b) the specific nature of the predicate acts leading to his criminal conviction, and (c) the sentence imposed by the District Court--Judge Cogan concluded that the information [*19] either was not public at all or was not public to the extent and with the level of detail that Roe intended to disclose. Accordingly, he denied Roe's request for permission to release the information. Order, *United States v. Doe* (E.D.N.Y. May 13, 2011). Upon our own independent review, we agree with Judge Cogan that Roe's proposed disclosures would have violated our temporary injunction of February 14, 2011 and the sealing orders of Judge Glasser. Judge Cogan's order of May 13, 2011 is affirmed.

**CONCLUSION**

To summarize:

(1) The judgment of the District Court permanently enjoining the dissemination of John Doe's Pre-Sentence Report is **AFFIRMED.**

(2) The appeal in Docket No. 10-2905-cr is **DISMISSED** in part, and the appeal in Docket No. 111408-cr is **DISMISSED** in full, insofar as they challenge the District Court's temporary restraining orders of May 18, 2010 and July 20, 2010 and insofar as they challenge any related orders that may have been entered or reaffirmed on May 28, June 11, June 14, or June 21, 2010.

(3) The appeal in Docket No. 11-1411-cr is **DISMISSED** because Roe has waived his opportunity to challenge Judge Brian M. Cogan's orders of April 1, 2011 and April 4, 2011.

(4) The appeal [*20] in Docket No. 11-1906-cr is **DISMISSED** for want of jurisdiction.

(5) With respect to Docket No. 11-2425-cr, the order of Judge Cogan is **AFFIRMED.**

(6) The appeal in Docket No. 11-1666-cr by *pro se* appellants is **DISMISSED** in all respects except insofar as it challenges the District Court's permanent injunction against the dissemination of Doe's PSR; with respect to that claim, the judgment of the District Court is **AFFIRMED.**

(7) The Clerk of Court is **DIRECTED** to close Docket Nos. 11-1408-cr, 11-1411-cr, 11-1906-cr, and 11-2425-cr upon entry of this order. The Clerk of Court is also **DIRECTED** to close Docket No. 11-479-cr to the extent it was not already closed upon entry of our February 14, 2011 order. *See* Order, *Roe v. United States, Docket Nos. 10-2905-cr, 11-479-cr, 2011 U.S. App. LEXIS 2903 (2d Cir. Feb. 14, 2011)*.

(8) The remainder of this cause (Docket Nos. 10-2905-cr, 11-1666-cr) is **REMANDED** to the District Court (I. Leo Glasser, *Judge*) for proceedings consistent with this order and with instructions (i) to rule upon the government's unsealing motion of March 17, 2011, (ii) to issue a final determination regarding whether the dissemination of the other (non-PSR) sealed documents in John Doe's criminal case, particularly [*21] those that refer to Doe's cooperation, should be enjoined, and (iii) in the event that a final determination regarding the dissemination of the other sealed documents does not result in an injunction against the dissemination of documents referring to Doe's cooperation, to enter an order temporarily staying the unsealing of any documents referring to Doe's cooperation pending an appeal by the government to our Court. In the event that the government elects not to appeal the unsealing of any documents that may be unsealed by the District Court, the government is **ORDERED** to notify the District Court and our Court of its decision not to pursue the appeal within the otherwise applicable time for taking the appeal.

(9) It is further **ORDERED** that, pursuant to *United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994)*, this panel shall retain jurisdiction over any further appeals from proceedings in the District Court, including any further petitions for extraordinary writs.

(10) It is hereby **ORDERED** that Judge Cogan shall retain jurisdiction for the limited purpose of enforcing our February 14, 2011 mandate--that is, to ensure the parties' compliance with the orders of this Court and any that have [*22] been, or may hereafter be, entered by Judge Glasser. Our panel retains jurisdiction pursuant to *United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994)*, over any appeals from any orders or judgments entered by Judge Cogan.

(11) Finally, it is **ORDERED** that appellant Richard Roe is hereby warned that the Court's patience has been exhausted by his filing of six separate notices of appeal regarding the same principal legal dispute--including the filing of an appeal from a March 23, 2011 scheduling order that obviously was not a final order nor subject to any of the exceptions to the "final judgment rule," *see* Part (iv), *ante*--and that any further attempts to re-litigate the issues decided by this order, or other future filings of a frivolous nature, may result in sanctions, including the imposition of leave-to-file restrictions, requirements of notice to other federal courts, and monetary penalties.

(12) The Clerk of Court is **DIRECTED** to transmit a copy of this order to Judge Cogan.