```
Local Name         :
Company Logo       :

Total Pages Scanned :  7
Total Pages Sent    :  7
```

Transmission Information

| No. | Job# | Remote Station | Start Time | Dura. | Pages | Mode | Contents | Result |
|---|---|---|---|---|---|---|---|---|
| 1 | 0304 | 17186132236 | 02-10;18:12 | 59" | 7/7 | SG3 |  | Done |

The documents were sent.

BEYS, STEIN & MOBARGHA LLP

**FAX COVER SHEET**

**TO:** The Honorable Brian M. Cogan     **FAX:** (718) 613-2236

**FROM:** Nader Mobargha, *Counsel for John Doe*

**DATE:** February 10, 2012

**RE:** United States v. Doe, 98 CR 1101 (ILG)

Dear Judge Cogan,

Enclosed please find our letter, dated February 10, 2012, and an Order To Show Cause, in support of our application to hold both Richard Roe, and his attorney, Richard Lerner, Esq., in contempt.

We will hand deliver a hard copy of our letter, with the attached exhibits, on Monday, February 13, 2012.

Sincerely,

Nader Mobargha

The Chrysler Building
405 Lexington Avenue
7th Floor
New York, New York 10017
212-387-8200(Main)
212-387-8229 (Fax)
www.bsmlegal.net

BEYS, STEIN & MOBARGHA LLP

# FAX COVER SHEET

**TO:** The Honorable Brian M. Cogan    **FAX:** (718) 613-2236

**FROM:** Nader Mobargha, *Counsel for John Doe*

**DATE:** February 10, 2012

**RE:** United States v. Doe, 98 CR 1101 (ILG)

---

Dear Judge Cogan,

    Enclosed please find our letter, dated February 10, 2012, and an Order To Show Cause, in support of our application to hold both Richard Roe, and his attorney, Richard Lerner, Esq., in contempt.

    We will hand deliver a hard copy of our letter, with the attached exhibits, on Monday, February 13, 2012.

Sincerely,

Nader Mobargha

The Chrysler Building
405 Lexington Avenue
7th Floor
New York, New York 10017
212-387-8200(Main)
212-387-8229 (Fax)
www.bsmlegal.net

Beys, Stein & Mobargha LLP

Nader Mobargha

February 10, 2012

**TO BE FILED UNDER SEAL**

**BY FACIMILE (718) 613-2236 AND BY HAND DELIVERY**

The Honorable Brian M. Cogan
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Roe v. Doe, 98 CR 1101 (ILG)**

Dear Judge Cogan:

On behalf of John Doe, we respectfully submit this letter concerning the article published in the *New York Times* on February 6, 2012, entitled "By Revealing Man's Past, Lawyer tests Court Secrecy" (*"The New York Times* article"). By revealing Richard Roe's true name and identity in the article – not to mention posing for a half-page photo with his lawyer - Roe and his attorney, Richard Lerner, directly violated the Second Circuit's February 14, 2011 Summary Order (the "Summary Order"). *See* Ex. 1, *The New York Times* article with photo. Accordingly, we are moving by Order To Show Cause, for findings of civil contempt against both Roe and Lerner.

In its Summary Order, the Court of Appeals expressly enjoined Richard Roe and his counsel from disclosing Roe's true identity:

> Richard Roe is an attorney at law whose identity is known to all participants in this litigation and who has been given the name 'Richard Roe' as a legal placeholder <u>because the disclosure of his true identity in this litigation context may, for the time being, lead to the improper disclosure of the materials at issue</u>.

The Chrysler Building
405 Lexington Avenue
7th Floor
New York, New York 10174
212-387-8200 (Main)
212-387-8229 (Fax)
nmobargha@bsmlegal.net

(emphasis added). *See* Ex. 2, the Summary Order, at 2:12-15. Indeed, this injunction was at the front and center of the Summary Order, immediately following the central injunction in the case, which enjoins "dissemination by [any] party, their…attorneys, and all who are in active concert or participation with them, of materials placed under seal…" *Id.* at 2:8-11. Moreover, apparent throughout this complex civil, criminal and appellate litigation, the purpose of using "Richard Roe," instead of his true name, was to protect John Doe. As several courts have found, revealing certain information to the public, including the identities of the parties, could pose a grave threat to the life and safety of both Doe and his family.

Furthermore, during the oral argument leading up to the issuance of the Summary Order, Judge Cabranes recognized the need to keep Roe's true identity under seal outside of the courtroom: "You can refer to him by name here…We are all under seal here." *See* Ex. 3, Transcript of February 14, 2011 oral argument, at 32:21-22 (emphasis added). In addition, in discussing the brief he publicly filed with the U.S. Supreme Court, Roe's counsel himself acknowledged the requirement that Roe's identity must remain under seal. Specifically, he stated that in his brief "[e]very name that could give notice as to what is going on here was redacted." *Id.* at 35:2-3. However, in giving an interview to *The New York Times* in which they revealed their identities and posed for a photograph with a caption identifying themselves by name, both Lerner and Roe ignored Judge Cabranes' orders and their own statements, and violated the Summary Order.

None of this is surprising, however. From the outset of this litigation, Roe has been threatening to disseminate sealed information about Doe to the public and the press. As early as November 9, 2010, Roe made his threat explicit, in a letter to Doe's counsel:

> If you wish Doe's activities lawfully kept quiet to any extent, stand still, stop filing motions and get out of the way so Plaintiffs can try to resolve the case before everything uploads to PACER and goes public. The only way to try to prevent worldwide notoriety will be a globally stipulated sealed confidentiality order accompanying a global settlement. No prior restraint was ever possible and thanks to your litigation in the EDNY and what it revealed and the transcripts thereof, all you have accomplished now is to guarantee massive public interest in the cover-up not only of the Doe conviction but the super sealed files and the evasion of mandatory restitution of the [dollar amount] (give or take) that Plaintiffs can allege Doe took out of [the company] and the wrongful concealment of the [dollar amount and cause of action] chose in action available against Doe, concealments themselves RICO predicates, which by definition make all these matters of public interest so beyond any First Amendment threshold as to make sill any attempt to enjoin.

*See* Ex. 4, Redacted letter from R. Roe to B. Herman, dated November 9, 2010 ("November 9th Letter"), ¶ 3. (emphasis added).

Roe further threatened to put Doe's sealed information "on the front pages everywhere, including New York, Iceland, Turkey, and Khazakhstan..." *Id.* at ¶ 5. His threats continued: "If this case is not settled quickly, it will surely go viral. If you obstruct a settlement instead of helping get there, everything will go public with clockwork inevitability. This is not a threat, it is mathematics. And it is certain."[1] *Id.* at ¶ 6.

Staying true to his threats and his careless, past conduct of publicly filing sealed information, Roe has now decided to reveal his identity to a national newspaper in violation of the Summary Order.[2] In doing so, Roe and his attorney have brought the public one step closer to knowing Doe's true identity.

As a result of Roe and Lerner's brazen violation of the Court of Appeals' Summary Order, we have enclosed an application for an Order To Show Cause for Findings of Civil Contempt.

Respectfully Submitted,

Nader Mobargha
Beys, Stein & Mobargha LLP
*Counsel for John Doe*

---

[1] In his meritless litigation in the Southern District of New York (Kriss, et al. v. Bayrock Group, LLC, et al., 10 Civ. 3959 (PAE)), a frivolous employment action masquerading as civil RICO, Roe's only chance of any recovery for his clients has been to threaten dissemination of Doe's sealed and confidential documents, which he knew were stolen. Indeed, he has named reputable law firms, like Nixon Peabody, as defendants in the action, based on his stated belief that they would be more likely to pay millions of dollars to settle, rather than be associated with Doe and his past. As Roe admitted in his letter to Doe's counsel, "I can with confidence predict from settlement discussions I've had that all the Defendants will be delighted to keep this quiet." *See* November 9th Letter, ¶ 6.

[2] Indeed, Roe has a history of publicly filing sealed information in violation of court orders. We detailed this history in our March 23, 2011 submission to Your Honor. At an April 1, 2011 hearing on this issue, Your Honor stated that the Court of Appeals' mandate was not retroactive, but rather limited to enforcing the Court of Appeals' Summary Order. However, Your Honor stated that if we wanted to expand Your Honor's mandate to include remedying Roe's past violations of court orders, we could make a motion to the Court of Appeals on that issue. We plan to do so in the very near future.

Cc: The Honorable I. Leo Glasser

Richard Lerner Esq.
*Counsel for Richard Roe*

The United States Attorney's Office
Todd Kaminsky
Elizabeth Kramer

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>     v.<br><br>JOHN DOE<br>                      Defendant. | 98 CR 1101 (ILG)<br><br>**FILED UNDER SEAL** |

## ORDER TO SHOW CAUSE FOR FINDINGS OF CIVIL CONTEMPT

Defendant John Doe, by his attorneys Beys, Stein & Mobargha LLP, having moved this Court for relief hereinafter described.

**NOW** upon the accompanying letter of Nader Mobargha, dated February 10, 2012, and its attached exhibits ("February 10th Letter"), it is hereby

**ORDERED,** that Richard Lerner, Esq., and Richard Roe, an attorney, show cause before the Honorable Brian M. Cogan, United States District Judge, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201 on _____, 2012 at _____, or as soon as thereafter as counsel may be heard, why they should not be held in civil contempt of the Court of Appeals' February 14, 2012 Summary Order (the "Summary Order") for their disclosure of sealed information to *The New York Times* in violation of the Summary Order.

**ORDERED,** that Messrs. Lerner and Roe show cause at the above hearing why an order should not issue requiring them to make a cash payment in an amount to be determined: (a) as a sanction for their noncompliance with the Summary Order and (b) for reimbursement to John Doe of his reasonable attorney's fees and costs incurred in this application for findings of civil contempt;

1

**ORDERED,** that personal service of a copy of this order and the February 10th Letter upon Richard Lerner on or before February ___, 2012 shall be deemed good and sufficient service thereof;

**ORDERED,** that Messrs. Lerner and Roe's papers in opposition to John Doe's motion, if any, shall be served by hand on Beys, Stein & Mobargha LLP, counsel for John Doe, on or before February ___, 2012 at 5:00 p.m. (with courtesy copy hand delivered to the Court in Chambers), and that John Doe's reply papers, if any, shall be served by hand Mr. Lerner by no later than 5:00 p.m. (with a copy for Chambers) the day before the return date provided by this order;

**ORDERED,** that all papers related to the instant motion are hereby sealed;

**ORDERED,** that a copy of all papers shall be served on Assistant U.S. Attorneys Elizabeth J. Kramer and Todd Kaminsky of the United States Attorney's Office for the Eastern District of New York.

Dated: New York, New York
       February __, 2012

_____
The Honorable Brian M. Cogan