FILED UNDER SEAL, BUT OBJECTING TO SAME
AND REQUESTING IMMEDIATE UNSEALING

| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   -against-<br><br>"JOHN DOE,"<br><br>          Defendant. | 08 Civ. 1101 (ILG)<br><br>To: Hon. Brian Cogan |

# Notice of Motion of Richard E. Lerner (pro se) and Non-Party Respondent Richard Roe to Quash or Vacate the Order Show Cause of February 13, 2012 and the February 15, 2012 Amended Version of that Order.

  Please take notice that upon the annexed memorandum of Richard E. Lerner, dated the 17th day of February 2012, and upon all the pleadings and proceeding heretofore had herein, Richard E. Lerner (pro se) and non-party respondent "Richard Roe," by and through his attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby moves for an order immediately quashing or vacating this court's order of February 13, 2012 and the February 15, 2012 amendment of the same order.

Dated:  New York, New York
      February 17, 2012

                Respectfully submitted,

                WILSON, ELSER, MOSKOWITZ,
                 EDELMAN & DICKER LLP

                By: ___/s/_____
                  Richard E. Lerner
                Pro se and as attorney for non-party respondent
                "Richard Roe"
                150 East 42nd Street
                New York, New York 10017-5639
                (212) 490-3000
                File No. 07765.00155

To:    (Via email, and U.S. mail).

Nader Mobargha, Esq.
Beys, Stein & Mobargha
The Chrysler Building
405 Lexington Ave.
New York, New York 10174
212-387-8200
nmobargha@bsmlegal.net

Todd Kaminsky, Esq.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
212-254-6367
Todd.Kaminsky@usdoj.gov


(Via fax only)
Hon. I. Leo Glasser

FILED UNDER SEAL, BUT OBJECTING TO SAME
AND REQUESTING IMMEDIATE UNSEALING

| UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                      Plaintiff,<br><br>         -against-<br><br>"JOHN DOE,"<br><br>                                      Defendant. | 08 Civ. 1101 (ILG)<br><br>To: Hon. Brian Cogan |

# Memorandum of Law in Support of Motion of Richard E. Lerner (pro se) and Non-Party Respondent "Richard Roe" to Quash or Vacate the Order Show Cause of February 13, 2012 and the February 15, 2012 Amended Version of that Order.

## Summary

I submit this *pro se* and in behalf of my client, Frederick M. Oberlander, formerly known as Richard Roe.[1]  We respectfully demand emergency relief from the violations of our Constitutional rights occasioned by your illegal and unlawful execution of that certain February 13, 2012 order to show cause, which must be immediately ruled void *ab initio* and stricken from the docket as:

- ➢ The form of the petition is fatally flawed. We demand strict compliance with statutory and constitutional requirements.

- ➢ Regardless of form, statutory and constitutional jurisdictional restrictions require petitioner's contempt petition to have been made directly to the Second Circuit. You were devoid of all authority to execute it. Doing so was jurisdictionally barred, the order *pro tanto brutum fulmen*.

---

[1] Richard Roe's identity is, and has been for some time, a matter of public record, well before the *New York Times* story, through no action of his. The court can have no constitutionally cognizable interest in attempting to pretend otherwise.

- 3 -

4935949v.1

> ➢ We respectfully demand you order said order to show cause to have been void *ab initio* for want of jurisdiction, then recuse yourself from further involvement pursuant to 28 USC 455(a) and troubling questions about your maintenance of an inaccurate docket in *U.S. v. Saracino*, 10-CR-00173.
>
> ➢ Nevertheless if you proceed to implement it in any way or otherwise give the slightest legal cognizance to it you will be confirming that you intended to and did commence criminal process against us without requisite, in fact any, due process.
>
> ➢ This transmission is to be interpreted as a "special appearance" and in no way is a waiver of any of the above and in addition is not a waiver of testimonial privilege nor may it or anything in relation thereto be considered such.

One year ago I submitted my client's affidavit predicting that this case was inexorably headed into, what he called, "decompensation collapse." He cautioned that the unlawful, and unethical measures taken to cover up the illegal sentencing schemes in the Eastern District would inevitably require more and more adaptive measures that it would collapse, spectacularly so. That day has come.

## AS A PURPORTED REQUEST FOR "CIVIL" CONTEMPT ADJUDICATION, PETITIONER'S PAPERS ARE FATALLY DEFECTIVE

Petitioner styles his papers as requesting civil contempt proceedings. While it is a matter of constitutional indifference how they are styled, as they request criminal contempt proceedings, nevertheless if this court disagrees and deems them civil, they are in violation of EDNY Local Rule 83.6:

> **Local Civil Rule 83.6. Contempt Proceedings in Civil Cases [formerly Local Civil Rule 83.9]**
>
> (a) A proceeding to adjudicate a person in civil contempt … shall be commenced by the service of a notice of motion or order to show cause. ***The affidavit upon which such notice of motion or order to show cause is based*** shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby and such evidence as to the amount of damages as may be available to the moving party…

- 4 -

b) If the alleged contemnor puts in issue his or her alleged misconduct or the damages thereby occasioned, said person shall upon demand be entitled to have oral evidence taken, either before the Court ... appointed by the Court. When by law such alleged contemnor is entitled to a trial by jury, said person shall make written demand before the beginning of the hearing on the application...

(c) If the alleged contemnor is found to be in contempt of court, an order shall be entered (1) reciting or referring to the verdict or findings of fact upon which the adjudication is based; (2) setting forth the amount of damages, if any, to which the complainant is entitled; (3) fixing the fine, if any, imposed by the Court, which fine shall include the damages found and naming the person to whom such fine shall be payable; (4) stating any other conditions, the performance of which will operate to purge the contempt; and (5) directing, where appropriate, the arrest of the contemnor by the United States marshal and confinement until the performance of the condition fixed in the order and the payment of the fine, or until the contemnor be otherwise discharged pursuant to law. A certified copy of the order committing the contemnor shall be sufficient warrant to the marshal for the arrest and confinement of the contemnor...

We suggest your honor may prefer to simply strike petitioner's papers and the order to show cause, ruling it to have been void *ab initio* on grounds of fatal defect in form, **_for failure to include an affidavit_**.

\* \* \*

If your honor feels that it needs further reasons than that – as if the procedural defect itself were not enough of a basis to quash or vacate the order to show cause –you should turn to the next page.

In light of petitioner's failure to disclose to the court that *it was petitioner himself or counsel who confirmed the identity of Richard Roe online to the world and any act of contempt in doing so was his*, an affidavit subjecting him and counsel to charges of obstruction for such omission is particularly appropriate.

I refer to the public docket of the RICO case 10-CV-3959, Item 15, which has been downloadable on PACER for 6 months, has been widely circulated online outside of PACER and is in the hands of countless persons in and out of the media. The endorsed letter written by Doe's counsel follows, after a screenshot of the docket information in 10-CV-3959, which identifies "Frederick Martin Oberlander" as plaintiffs' counsel.



- 6 -

4935949v.1

Read that again please. It shows that in a docket wherein Mr. Oberlander was identified as counsel of record, John Doe's counsel identified him by his a/k/a "Richard Roe." That is, the identity of "Richard Roe" was outed by John Doe.[2]

The orders of the Second Circuit are also all over the internet, and the June 29th summary order itself discloses who Richard Roe is, because this is the only RICO case shown in court records as having been filed in the Southern District on May 10, 2010. It takes but a few minutes to figure out who is who by searching Google, with the words RICO, "May 10 2010," and Buchwald, all of which terms were in the June 29th order of the Second Circuit, and then looking at what is publicly available on Pacer. So it is actually the Second Circuit that outed "Richard Roe."

## YOUR HONOR HAD NO AUTHORITY TO EXECUTE THE ORDER TO SHOW CAUSE (WHETHER IT BE CIVIL OR CRIMINAL) THE ORDER THUS *PRO TANTO BRUTUM FULMEN*

### --   If the Proceedings Requested Be Criminal

By express statutory restriction, you lacked the authority to sign that order to show cause because the alleged underlying order was not yours to vindicate. It belonged to another court. By 18 USC § 401,[3] Congress stripped lower courts of any authority they might have otherwise had to adjudicate a criminal contempt of the orders of any other court but their own. This is jurisdictional. The Second Circuit cannot give you the authority, nor can you claim as inherent the authority, that Congress has expressly forbidden you.[4]

---

[2] Additionally, in a complaint filed by John Doe in a related proceeding before Judge Buchwald (docket number 10-CV-9658, see the docketed complaint) Oberlander was identified by name as the person who was given documents by Bernstein, the documents identified by the Second Circuit as being at issue. That complaint publicly identified Oberlander.

[3] "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of *its authority, and none other*, as ... (3) Disobedience or resistance to *its* lawful writ, process, order, rule, decree, or command." [Emph. Added]

[4] *Marbury v. Madison* 5 US (1 Cranch) 137 (1803). In contempt proceedings in the Court of Appeals in respect of appellate orders issued pursuant to a statutory grant of authority ("administrative" appellate proceedings), the Second Circuit has delegated fact-finding, *see NLRB v. Giannasca*, 119 F.2d 756, (2d Cir. 1941), *NLRB v. Remington Rand, Inc.*,130 F.2d 919 (2d Cir. 1942),  but it has never delegated (or even considered the issue) fact-finding in contempt proceedings related to its own orders issued in cases reaching it by normal appeals coming up from courts below, and, in any event, it cannot delegate its sole

Nor can it give you the authority it may not even have itself. It is an open question – one we intend to litigate thoroughly – whether absent an express Congressional grant of authority a Court of Appeals has the authority to enforce its own orders by criminal contempt.[5] Were you to proceed, you – a district court judge – would be in the untenable position of adjudicating the scope of the Article III jurisdiction of a superior court. It is impossible and jurisdictionally barred, the functional equivalent of an appellate court certifying an interlocutory (or final) question of its own authority to a district court instead of to the Supreme Court.

-- If the Proceedings Requested Be Civil

As civil contempt is by definition coercive, the invalidity, whether procedural, constitutional, or otherwise, of any order alleged to have been violated is a defense. We intend to defend vigorously on the ground, *inter alia*, that the entirety of all orders issued, at the least by the Second Circuit, are unconstitutional, in particular, and without limitation, in that they were issued for an unconstitutional purpose, that is, the continuing concealment of systemic judicial and executive branch lawlessness. We will contend that such lawlessness has been deemed to fall within the scope of the term "sedition" (see addendum), such sedition constituting high crimes and misdemeanors, including the conspiracy to and actual accomplishment of the falsification of judicial records and repudiation of mandatory sentencing and victims rights laws and the defrauding of victims of untold millions of dollars.

As petitioner points out, the Second Circuit said (but did not order) that using the name Roe was to prevent the public from finding the truth, and no amount of pretense or handwaving will erase its own admission that it was part of an overall scheme existing for no lawful purpose: While protecting the safety of a cooperator may justify sealing, it cannot justify unlawful misconduct in willfully and intentionally defying mandatory sentencing laws.

This court would be enlightened, we believe, by the Supreme Court's unanimous decision in *Ex Parte United States*, 242 US 27 (1916). When your honor reads it, you should think very carefully about the restitution illegally kept from John Doe's victims. This court should also keep in mind what the Supreme Court noted in *Dolan* (2010), that the obligation to impose a sentence of restitution is paramount above any other law of the United States.

---

authority whether to proceed to begin with. Moreover, any substantive and most procedural issues are mixed issues of law and fact and so cannot be fully, if at all, delegated.

[5] Black, Douglas joining, in dissent in *United States v. Barnett*, 376 US 681, 724 (1964). "For many reasons I cannot agree with the Court's opinion. In the first place, Congress has never expressly given the Federal Courts of Appeals jurisdiction to try and punish people for criminal contempt of court, and I am unwilling to hold that such a power exists in these courts in the absence of a clear and unequivocal congressional grant." The court's opinion did not address the issue.

- 8 -

We do not litigate the issue here, but merely outline it to show that you cannot have the authority to preside, other than possibly as a fact finding master, if at all, over a civil contempt proceeding which must inevitably adjudicate the validity, including the constitutionality, of orders of a superior court. That is an appellate function, and (outside of bankruptcy appeals to a district court) district courts lack authority to pass upon the constitutionality (here the unconstitutionality) of an appellate order. Appellate orders don't get appealed down, they get appealed up, even then only where Congress has created such rights.

As it happens, what Judge Glasser and the Second Circuit have done, in concert with your own prior orders, is to hide an entire covert justice system operating devoid of constitutional legitimacy. It is so repellent to our Constitutional system that it is not merely invalid by reason of unconstitutionality. It and the orders attempting to conceal it (including the disgrace of purporting to order a United States citizen not to report judicial unlawfulness to Congress) are and were at all times jurisdictionally barred. No federal court may enjoin anyone from revealing its own misconduct, ever, such injunction again *pro tanto brutum fulmen*.[6]

### THE COURT MISAPPREHENDS THE COLLATERAL BAR RULE AND THE DIFFERENCE BETWEEN "MERE" ERROR AND JURISDICTIONAL BAR (AND THE RELATED CONCEPT OF TRANSPARENT INVALIDITY)

Space does not permit full exegesis of this complex equity jurisdiction topic, but we believe the court's misunderstanding can be seen in the following excerpt from the transcripts of hearings before the court on April 1, 2011:

> MR. BEYS: Yes, your Honor. There are two matters, one of which the court may already have on behalf of John Doe. Judge Glasser's scheduling order dated March 23rdrd, I'll pass a copy to your Honor's deputy and also a case we did not cite but is virtually tracking the language of Judge Glasser's order. It's In Re criminal contempt proceedings against Gerald Crawford, Second Circuit 2003 case; the cite, 329 F.3d 131, stands for the proposition under the collateral bar

---

[6] The last time a judge issued an opinion purporting to legitimize barring citizens from petitioning for redress of grievances, one Judge North, that judge, and the attorney general, were impeached by Parliament, in 1679. The affair led to the adoption of the English Bill of Rights, shortly thereafter, upon which our Bill of Rights, specifically the right to petition for redress of grievances, is based.

- 9 -

4935949v.1

> doctrine, a party may not challenge a district court's order by violating it, which is closely related to what Judge Glasser stated in his order. I pass that to your honor's deputy as well.
>
> THE COURT: Anything else?
>
> MR. LERNER: This decision was just handed up.
>
> THE COURT: I haven't read it anymore than you have. You dispute the fact that he cannot challenge a sealing order by violating it?
>
> MR. LERNER: I denied the premise there is a sealing order --
>
> THE COURT: I didn't ask you that, sir. If there is a sealing order, do you think you can challenge it by violating it?

This is error. The issue in a contempt proceeding is not "challenging" an order, it is whether the order entered (i) bound the alleged contemnor; (ii) was not jurisdictionally barred; (iii) was violated with the requisite scienter; and (iv) in the case of civil contempt, was valid, including constitutionally.

It is the interplay of (ii) and (iv) that this court misapprehends.[7] In this context, *invalidity* refers to unconstitutionality by reason of "mere" error, while *jurisdictionally barred* refers to an order so clearly outside the authority of a court that it transcends error and is void, a nothing, an abuse of (no actual) authority, as Judge Learned Hand wrote in *Alemite*, 42 F.2d 832 (2d Cir. 1930), *pro tanto brutum fulmen*, freely ignored with impunity.

And yes, a sealing order that actually exists and in its written terms (that is, terms written in actual, not invisible, ink), purports to restrain "any of the parties and any other persons with actual notice of this order" from disseminating materials no matter obtained outside court process is, as to such other non-party persons, **a nothing**. As to such other persons, it may be used for lining a birdcage or wrapping a fish, but it may not be used to impose upon them any duties of any kind whatsoever. We wouldn't expect you to just take our word for it. So we'll cite Supreme Court authority. In citing *Alemite* with approval in *Chase v. City of Norwalk*, 291 US 431 (1934) wrote:

> Independently of the prohibition of Judicial Code, the decree entered by the District Court was clearly erroneous in so far as it enjoined 'all persons to whom notice of the order of injunction should come from taking any steps or action of any kind to cause the enforcement of the ouster in the state court.' The city alone was named as defendant. No person other than the city was served with process. None came otherwise before the court. The prayer of the bill sought relief solely

---

[7] In the interest of time, I do not address transparent invalidity, which can be understood as occupying a middle ground between *invalidity* and *jurisdictional bar*.

- 10 -

against the city and 'its officers, officials, agents, employees and representatives.' It is true that persons not technically agents or employees may be specifically enjoined from knowingly aiding a defendant in performing a prohibited act if their relation is that of associate or confederate. Since such persons are legally identified with the defendant and privy to his contempt, the provision merely makes explicit as to them that which the law already implies. See *Ex parte Lennon*, 166 U.S. 548, 17 S.Ct. 658. **But by extending the injunction to 'all persons to whom notice of the injunction should come,' the District Court assumed to make punishable as a contempt the conduct of persons who act independently and whose rights have not been adjudged according to law.** See *Alemite Mfg. Co. v. Staff* (C.C.A.) 42 F.(2d) 832. Under the clause inserted in the decree, officials of the state of Ohio might be proceeded against for contempt, if they should apply to the state court to enforce its judgment, although acting solely in the performance of their official duty. To subject them to such peril violates established principles of equity jurisdiction and procedure. *Scott v. Donald*, 165 U.S. 107, 117 , 17 S.Ct. 262; *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234 , 38 S.Ct. 65, L.R.A. 1918C, 497, Ann.Cas. 1918B, 461.4 **Those principles require that the clause be limited to confederates or associates of the defendant**.

Then add that a sealing order (as it is being tortured into existence here) has been twisted into a prior restraint, and the Supreme Court's holding in *Carroll v. Princess Anne*, 393 US 175 (1968), that a prior restraint may not issue without full adversarial due process provided the person to be restrained, then, Yes, your honor, a *legitimate* sealing order (let alone Judge Glasser's fabricated one) expressly directed at anyone who comes in contact with documents outside court process and restraining their dissemination of same *may be freely ignored*. Period.

(Incidentally, assuming they ever correctly read a case, Mr. Doe's lawyers will find that it is legally impossible to base a contempt proceeding on the violation of an unwritten order where the decretal language is not available. *United States v. David Cooper*. 333 F3d 161 (2d Cir. 2003). Even the government agreed with that proposition in that case.)

The point is not to revisit sealing orders. The point is that it is error to believe that every order must be obeyed at risk of contempt. It is clear error. And the point is that certain orders are so outside the pale, so clearly abusive, that such illegality is always a defense to contempt, civil or criminal. Other terms for illegality would be without authority, unlawful, or *jurisdictionally barred*.

- 11 -

So for example, an order of this court compelling a state to pay money damages in a suit brought by a citizen would violate the 11th Amendment and as such would be so clearly without Article III authority as to be freely ignored, as opposed to an order compelling a state to take certain actions where such order was merely erroneous, but not jurisdictionally barred.

And we repeat that the collective orders here, issued to prevent a citizen from revealing to the world, to 300,000,000 other citizens, to 50,000,000 registered voters, and to 535 members of Congress that the courts have debased themselves by hiding convictions, by hiding from crime victims their right to restitution (contra the laws of Congress and Supreme Court precedent), are such orders, and such is a proper defense both to civil and criminal contempt.

A defense you may not preside over at any rate, not just because of the presence of the Second Circuit's orders, as argued previously, but because of our need to examine pursuant to our Sixth Amendment rights, see next, issues involving an apparently incomplete docket for one Sebastiano Saracino, your case number 10-CR-00173, where a motion to close a courtroom was made and discussed in public proceedings on December 2, 2010, then never heard from again and never docketed upon your honor's ejection from the courtroom of reporters from the Daily News and New York Post (who should have moved to stay their ejectment while contacting counsel, but that's their problem). We will also call Salvatore Gieoeli, who is publishing online allegations that the Eastern District makes illegal deals with cooperators which, *inter alia*, unlawfully evade restitution, as he reports on his blog.

We will know what he knows and why he knows it, and from whom, and why with every web site and blog within 200 miles, including Mr. Gieoli himself, discussing that Saracino was a cooperator, it was not a threat to Saracino's safety to disclose his guilty plea to immigration fraud, but was such a threat (if press reports are correct) to disclose his guilty plea to murder.

## PETITIONER'S PAPERS REQUEST
## CRIMINAL CONTEPT PROCEEDINGS

In the interest of brevity, as we have briefed the court in mid-2011 on the constitutional impermissibility of pretending that criminal contempt proceedings are civil, such papers incorporated by reference, we summarize why the character and purpose of the alleged contempt are criminal.[8]

---

[8] See *United Mine Workers of America v. Bagwell*, 512 U.S. 821 (1994).

- 12 -

4935949v.1

- ➢ The alleged contempt is backward looking. It is a completed act in the past (allegedly) violating a court order. It is not ongoing. It is not a continuing refusal to act.

- ➢ The petition requests sanctions.

- ➢ The alleged contempt cannot be purged and so the monetary relief requested cannot be avoided.

## THEREFORE FULL CRIMINAL DUE PROCESS RIGHTS WOULD ATTACH (IN THE APPROPRIATE FORUM)

And this presents another illustration of the difference between orders which are so clearly illegal, unlawful, *ultra vires*, without authority, abusive, jurisdictionally barred, etc. and those that are "merely" in error (remember again that "merely" in error is still a defense in civil contempt).

We are aware of no specific form requirement for a person, party or otherwise, to request that the court commence criminal contempt proceedings (which in this district, at least as far as another district court judge has ruled, can only be brought by judicial decree, not by grand jury), but it is quite clear that the court can only grant the request and commence those proceedings pursuant to Fed. Rule Crim. Proc. 42, which *inter alia* requires the charging instrument be read aloud in open court.

However, we believe, but do not concede, that the better view is that the court would still have the power, though not the right, to order commencement of criminal contempt proceedings by other means which violate Rule 42; that is, that an order of commencement that is, perhaps only technically, not in compliance is not a nullity freely ignored, but is an error.

(Again, we do not concede the point whatsoever and retain the right to argue otherwise at such time as someone does something who actually has the constitutional authority to do it, see next).

Were the order to show cause in relation to an allegedly violation of one of this court's own orders, we believe we would argue – again that is not the case so this is supposition not argument by which estoppel would lie – the order is valid but flawed and we have the right to demand its emendation. Again it's possible that we would argue the order is a nullity, but we do not reach the point now.

- 13 -

And that's because, as argued above, your honor has no authority to do anything as to the order allegedly violated other than "monitor compliance with it," certainly no authority to adjudicate contempt of it or decide whether to do so.

Therefore, and for that reason only, and before we ignore anything on grounds of jurisdictional bar, we request your honor confirm that he indeed lacked all authority to sign the order to show cause (civil or criminal) and order it stricken as the legal nullity it is).

While that request is pending, we will maintain the position that, as it is a legal nullity, it has not actually triggered criminal process, or anything, and therefore will abstain from the actions we would otherwise need to take in self defense, if it were the intent of this court to proceed anyway in the absence of authority to try this proceeding.

However, in the interest of time, we request that this court stay all process of every kind in this instant matter while it decides whether it has the authority to adjudicate the alleged contempt. This authority, to stay the *status quo ante*, is clearly within your authority, it is called the jurisdiction to decide jurisdiction. See *United States v. Shipp*, 203 US 563 (1906). However, it is a temporally limited authority, and exists only insofar as is necessary to preserve the status quo.

If however the court believes it had the authority to sign that order, we request being so advised immediately and an immediate 1292(b) certification and stay.[9] In the unhappy event the court refuses that, and insists on proceeding with this, then we will deem the court's refusal to provide criminal due process rights, beginning with the announcement of the contempt charges in open court, including the right to demand a jury, and to have the entire proceeding in open court, and to call witnesses, and so on, to be an action so clearly devoid of authority that it may be ignored with impunity.

-- We Demand a Separate Docket

On a related note, whatever you decide, we demand that you docket this proceeding, commencing with the filing of the petition separately, on its own miscellaneous or criminal docket.

On this point we respectfully advise the court that any conceivable notion that you have the authority to repudiate the Bill of Rights, including the Sixth Amendment guarantee to public contempt proceedings – *which in this Circuit includes even civil contempt proceedings, In Re Rosahn*, 671 F2d 690 – to "protect Mr. Doe" would not withstand even the mildest scrutiny.

---

[9] *Independent Drivers v. Skinner*, 931 F2d 582 (9th Cir. 1991) (where issue was whether sole authority resided with appellate court, 1292(b) certification was correctly issued).

- 14 -

4935949v.1

Your honor is well aware that were this, as it should have been, separately docketed, you would be required to hold public hearings on whether anything, let alone the whole proceeding, could be hidden, and those proceedings would not be adjudicated merely by the qualified First Amendment right of access, but by our Sixth Amendment rights to have the public present and aware, and in particular in the case of criminal contempt where one judge combines all functions together, with no check and balance, the idea that you could simply avoid all of this, including a *Brandenburg v. Ohio* particularized finding of imminent grave harm that could be avoided no other way, simply by docketing it inside Judge Glasser's long dead and illegally empty docket, is simply unsustainable as anything other than participation in the conspiracy of secret courts.

Your honor simply cannot believe that by making an administrative (non)decision to let this stay (un)docketed on someone else's long dead criminal docket, the entirety of the Sixth as well as First Amendment may be ignored by incorporation of what Judge Glasser never legally did to begin with. Nothing in Doe's counsel's unsworn letter, save for few easily redactable words, was not already made a matter of public record by the Second Circuit itself, and by Doe himself, by his letter to Judge Buchwald identifying the "plaintiff's counsel" in the SDNY action as "Richard Roe." That is, there is nothing that is not already public, and yet you reflexively (i.e., unconstitutionally) sealed Doe's application.

\* \* \*

Because this "special appearance" letter motion requests relief which is inconsistent with a response on the merits to the underlying petition and order to show cause, we do not at this time, but reserve all rights to, submit additional responses including jury demands and other assertions of First, Fourth, Fifth, and Sixth amendment rights.

We submit this under seal, but over objection, and demand its immediate unsealing.

Dated:   New York, New York
         February 17, 2012

                                        Respectfully submitted,

                                        WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP

                                        By: _____/s/_____
                                            Richard E. Lerner
                                        Pro se and as attorney for non-party respondent
                                        "Richard Roe"
                                        150 East 42nd Street
                                        New York, New York 10017-5639
                                        (212) 490-3000
                                        File No. 07765.00155

- 16 -

4935949v.1

## Addendum

We use the term sedition with precision. It is correct, at least as would have been understood by the Framers, in the context of Article III, impeachment, and the period from 1769 through 1798.

As defined in the Alien and Sedition Acts of July 14, 1798, entitled: "An act for the punishment of certain crimes against the United States," sedition includes:

> *That if any persons shall unlawfully combine or conspire together, with intent to oppose any measure or measures of the government of the United States, which are or shall be directed by proper authority, or to impede the operation of any law of the United States...he or they shall be deemed guilty of a high misdemeanor...*

In today's usage this would be similar to conspiracy to obstruct; however, in the context in which we use it we disclaim this or any statutory criminal interpretation and use the term sedition in its context, by definition, of a *political* crime.

As Blackstone understood the term "high misdemeanor" in his 1769 volume, and commented, it most typically referred to maladministration in official office, and indeed had no commonly understood meaning in English criminal law at the time, outside of such wrongful acts of officials. Thus, we use it accurately to describe a conspiracy to violate the mandatory sentencing laws of the United States (in the same way Suffolk was impeached in 1450 for repudiating victims rights and restitution laws) and – as did our forbears – we call it "sedition," *per se* impeachable. Whether the acts comprising it be statutory or common law crimes or not is of no concern to us.

Federal judges cannot operate in secret, alone or in combination with probation officers and officials of the Department of Justice, to evade mandatory restitution laws or any other mandatory sentencing laws. It's seditious.

Your honor understands the difference between motive and intent. Protecting personal safety (if a legitimate, non-pretextual concern) is an admirable motive. Doing so by concealing convictions, repudiating mandatory restitution sentencing laws, and also in this case concealing the victims' civil RICO choses in action which *per* 18 USC 1964 do not lie until entry of judgment (where, as here, the predicate acts may be dealt with as securities fraud) is evading the laws of Congress with the specific intent to cause an illegal result. That the result is illegal is made clear by *Ex Parte United States*, 242 US 27 (1916), a unanimous decision of the Supreme Court that when a judge violates a mandatory sentencing law he does so illegally and unlawfully, and no argument of inherent or implied authority will be heard. It is made illegal by *United States v. Dolan*, (2010), wherein the Supreme Court affirmed the Congressional mandate to sentence criminals to restitution is above any other law whatsoever.

Orders intended to restrain a citizen from revealing this are *per se* jurisdictionally barred, unless this court believes a court can *de facto* enjoin its own impeachment, self evidently an act devoid of Article III authority, as impeachment is the ultimate political, thus non-justiciable, question. *See Nixon v. US*, 506 US 224 (1993).

4935949v.1