```
 1                     UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF NEW YORK
 2

 3   UNITED STATES OF AMERICA,      :   Criminal Action
                                    :   No. 98CR01101
 4                                  :
                                    :
 5        -against-                 :   February 27, 2012
                                    :   10:13 a.m.
 6                                  :
                                    :
 7   JOHN DOE,                      :   Brooklyn, New York
                                    :
 8              Defendant.          :
     ...........................:
 9

10                    TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE BRIAN M. COGAN
11               UNITED STATES DISTRICT COURT JUDGE

12

13   APPEARANCES:

14   For the Government:      LORETTA LYNCH, United States Attorney
                              Eastern District of New York
15                            271 Cadman Plaza East
                              Brooklyn, New York 11201
16                       BY:  TODD KAMINSKY, Esq.
                              EVAN NORRIS, Esq.
17                            LISA KRAMER, Esq.
                              Assistant United States Attorneys
18
     For the Defendant:       MICHAEL P. BEYS, Esq.
19   (John Doe)               JASON BERLAND, Esq.
                              NADER MOBARGHA, Esq.
20

21   For Richard Roe:         RICHARD E. LERNER, Esq.

22
     Court Reporter:          Lisa Schwam, CSR, CRR, RMR
23                            225 Cadman Plaza East, Room N373
                              Brooklyn, New York 11201
24                            (718) 613-2268

25   Proceedings reported by machine stenography, transcript
     produced by Computer-Aided Transcription.
```

1                THE COURTROOM DEPUTY:  Roe v. Doe, Docket No. 98CR1101.
2                Counsel, please state your appearances, starting with
3     the government.
4                MR. KAMINSKY:  For the United States, Todd Kaminsky,
5     Lisa Kramer, and Evan Norris.  Good morning, Your Honor.
6                THE COURT:  Good morning.
7                MR. BEYS:  Good morning, Your Honor.  For John Doe,
8     Michael Beys, Jason Berland, and Nader Mobargha from the firm of
9     Beys, Stein & Mobargha.  Good morning.
10               THE COURT:  Good morning.
11               MR. LERNER:  Good morning.  I'm Richard Lerner.  I'm
12    appearing for Richard Roe.
13               THE COURT:  Good morning.
14               MR. ROE:  I am appearing for Richard Lerner.  Your
15    Honor asked me to identify myself.
16               THE COURT:  I'm sorry; say that again.
17               MR. ROE:  I'm appearing for Mr. Lerner.  Do you wish me
18    to use my name as I'm admitted in this Court or do you wish me
19    to use the --
20               THE COURT:  What do you mean you're appearing for
21    Mr. Lerner?  He is not a party here.
22               MR. ROE:  He is indeed.  This is a response to an
23    application to hold both of us in contempt.
24               THE COURT:  I see.  And so you're appearing --
25               MR. ROE:  I'm representing him in this application.

1        THE COURT:  And you have no conflict of interest in
2   doing that?
3        MR. ROE:  If we do, you may assume on our
4   representation mutually that it has been waived to our mutual
5   satisfaction.
6        THE COURT:  Well, sir, it's not entirely up to you.  As
7   I understand it, there are two parties whom contempt is sought
8   against.  You're telling me each of you is representing the
9   other, even though I could find that either one of you is in
10  contempt.  Each of you have an incentive to exonerate yourself
11  and, to that extent, you're united in interest.  And each of you
12  have an incentive, to the extent you are not exonerated, to pin
13  responsibility on your client.
14       Why is that not a conflict of interest?
15       MR. ROE:  Well, first of all, as a practical matter --
16       THE COURT:  No.  Let's talk about what the rules
17  require.
18       MR. ROE:  I expect that both of us will take
19  testimonial privilege and, therefore, I don't think it's going
20  to be a problem.  I doubt that either one of us will be
21  testifying.
22       THE COURT:  You're -- I'm sorry; I don't understand
23  what you just said.
24       What do you mean, "testimonial privilege"?
25       MR. ROE:  I mean, that I believe, although the issue

1  hasn't come up yet, that Mr. Lerner will assert Fifth Amendment,
2  whether this be civil or criminal, and so will I, in which case
3  there isn't going to be testimony from either one of us.
4         THE COURT:  Is there going to be argument from either
5  one of you?
6         MR. ROE:  Yes.
7         THE COURT:  Then the conflict is present, sir.
8         MR. LERNER:  Our arguments are going --
9         THE COURT:  Who are you speaking for now, Mr. Lerner;
10 yourself or your client?
11        MR. LERNER:  I'm speaking for Richard Roe.
12        THE COURT:  All right.  Go ahead.
13        MR. LERNER:  There will not be a conflict because we
14 will be presenting -- our arguments will be parallel, similar
15 arguments, same position.  We are not going to be pointing
16 fingers at each other.  And we're both going to -- neither of us
17 will be testifying.
18        MR. ROE:  If I may, if Your Honor would give me 30
19 seconds, we have a motion before the Court to declare that it
20 lacks subject-matter jurisdiction.
21        THE COURT:  Yes.  That motion is denied.  I have
22 subject-matter jurisdiction.
23        MR. ROE:  May I request, then, a 1292(b) certification
24 on the issue?
25        THE COURT:  You may request it.  It is denied.

1    MR. ROE:  All right.  May I request a stay pending a
2 writ of prohibition?
3    THE COURT:  You may request it.  It is denied.
4    MR. ROE:  All right.  Thank you.
5    THE COURT:  Let me hear from the other parties as to
6 whether there is an objection to proceeding with two alleged
7 contemnors, each representing the other.
8    MR. KAMINSKY:  Your Honor, may I very quickly point out
9 that prior to coming here today, based on the notice of motion
10 filed before Your Honor, it says, "Notice of motion, Richard
11 Lerner, pro se."
12    THE COURT:  Right.  That was my understanding.
13    MR. ROE:  I was only admitted today.  He couldn't have
14 put anything else on there until I got admitted.  Nobody was
15 trying to fool the Court.  I became admitted today for this
16 purpose.
17    THE COURT:  Who admitted you today?
18    MR. ROE:  I waived in.  I got a Certificate of Good
19 Standing from Southern District at 9 o'clock.  Brought it here,
20 paid the money, swore in, and I'm admitted in Eastern District
21 as of 9:45.
22    THE COURT:  Did you disclose when you got your
23 certificate that you were the subject of a contempt motion?
24    MR. ROE:  When I got the certificate from Southern
25 District?

1       THE COURT: No. In the Eastern District.

2       MR. ROE: When I came in here and swore in?

3       THE COURT: Yes.

4       MR. ROE: I just did it half an hour ago, and there was
5  nothing that says are you the subject of any disciplinary -- if
6  I did it wrong, I apologize, but I haven't been found or
7  adjudged in contempt; and particularly since this is, no matter
8  how they label it, likely a criminal contempt proceeding, I
9  presume incorrectly -- and I'll apologize if I'm wrong -- that
10 presumption of innocence applies.

11      THE COURT: Let me return to my original question.

12      MR. KAMINSKY: Yes, Your Honor. With the caveat, Your
13 Honor, that I'm not exactly certain what Your Honor was planning
14 on going forward with this morning, there is obviously a big
15 problem that counsel is not adequately represented in that there
16 are conflict issues that are obviously present. Should there be
17 anything later that would need to have a standing record that
18 everyone could support, and that would be obviously legitimate,
19 there is clearly a problem right now that the government is
20 loath to continue in this current situation.

21      MR. BEYS: Judge, if I may, I'd also like to add
22 something to Your Honor's point that Mr. Lerner and Mr. Roe have
23 an incentive to put liability on each other. I would note for
24 the Court a February 10th fax to Judge Glasser which Mr. Lerner
25 writes on behalf of Mr. Roe, basically accusing Judge Glasser of

1  willfully participating in a scheme to defraud Doe's victims in
2  whatever it is they've been claiming all along.
3         I just want to quote the language because it shows
4  exactly what Your Honor is concerned about, which is the finger
5  pointing and the distancing from each other.  Mr. Lerner is very
6  careful to say, "My client maintains that such acts constitute
7  the willful depravation of and indeed the defrauding of
8  Mr. Doe's crime victims of their property rights."  And later on
9  again he is careful to say, "My client."
10        It's exactly what Your Honor is concerned with, and
11 it's a very real concern.
12        THE COURT:  Okay.  Then I take it that both of the
13 proponents of the contempt order see a difficulty in the
14 exchange of representations which I've been advised of for the
15 first time this morning.
16        All right.  We're going to adjourn till Friday at
17 11:00.  I want an exchange of letters from the parties by
18 Thursday morning as to why this proposed representation is or is
19 not proper.
20        Yes, Mr. Beys?
21        MR. BEYS:  Judge, unfortunately, Mr. Berland and I will
22 be in Miami for the White Collar Conference.  I don't know if
23 anyone from the government will be there.
24        Could I ask for Monday?
25        MR. ROE:  I have no problem, Your Honor.

1            MR. LERNER:  No problem here.

2            THE COURT:  Monday at 10 o'clock a.m.  Now, let me say
3    a couple of things just to clarify.  I've already made some
4    rulings.

5            Mr. Lerner -- and I'm speaking to you as Mr. Roe's
6    counsel -- you are pressing the motion to recuse that's stated
7    in your papers?

8            MR. LERNER:  Yes, we are.

9            THE COURT:  All right.  That motion is denied.  No
10   reasonably objective person could see any conflict here.

11           Now, let me also note that what we have here is very
12   clearly a civil contempt.  I am not at all sure it works as a
13   civil contempt.  The only provision that's been pointed out to
14   me as to which there may be a contempt is the second paragraph
15   in the Court of Appeals summary order filed February 14th, 2011,
16   which simply notes that the Court is referring to Richard Roe as
17   Richard Roe because the disclosure of his true identity might
18   lead to the improper disclosure of materials here at issue.

19           That is not a decretal paragraph; it is simply a
20   statement of the reason why the Court of Appeals is using a
21   pseudonym.  That is not to say that the disclosure of Roe's true
22   identity may not be contemptuous.  One inference that could
23   possibly -- although I am not presently drawing any such
24   inference -- but one inference that could be drawn is that there
25   is a scheme between Mr. Lerner and Mr. Roe, or either one of

1  them, to undermine the injunctive orders that have been
2  previously issued, and one means of undermining those injunctive
3  orders would be the disclosure of the true identity of Richard
4  Roe.
5         That fact, combined with others, both public and
6  nonpublic, might well lead to the harm which the injunctive
7  provisions entered by the Second Circuit and Judge Glasser
8  expressly sought to prevent.  But that theory has not been made
9  before me on this motion.  I've only been pointed to that first
10 recital paragraph in the Second Circuit's order.  And as I say,
11 it is not a decretal paragraph.
12        I also think there are limitations in the context of
13 civil contempt with regard to the remedy sought.  It is true
14 that if there is a civil contempt, the movant is entitled to
15 recover their attorneys' fees, but so what.  If what is being
16 sought here is to stop violations, I think we can all be
17 assured, based upon the conduct of Mr. Roe and Mr. Lerner, that
18 the attorneys' fees incurred on this motion aren't going to do
19 anything.
20        Because it is entirely possible, although I have formed
21 no conclusion, that there has indeed been a criminal contempt
22 here, I am referring the matter for criminal prosecution to the
23 United States Attorney.  That, to me, is the proper mechanism
24 for adjudicating whether a contempt of the injunctive provisions
25 themselves, not mere background recitals, has occurred.

1  I will also note that I think it's very unusual that
2  the government is allowing a party that the government might
3  seek to protect to protect himself.  I know the U.S. Attorney's
4  Office is quite busy.  I have not yet met an Assistant that
5  doesn't work really hard, but I will say I can't think of
6  anything going on there that is more important than letting
7  actual and potential witnesses know that the government will
8  protect them.
9  That's why I'm referring this for prosecution.  It is,
10  of course, the U.S. Attorney's decision whether to prosecute or
11  not.  If the U.S. Attorney declines, then it will be up to me to
12  determine whether to appoint someone to prosecute privately.  I
13  would recommend that if there is going to be such a prosecution
14  based upon appropriate charges, that the relief sought be
15  limited to $5,000 and six months imprisonment, but, again,
16  that's the U.S. Attorney's decision.
17  Now, I want the movants, particularly Mr. Beys, but
18  obviously he is consulting with the government, to determine
19  before this hearing on Monday if we are in the proper forum here
20  based upon what I've said or whether there are other or no
21  actions that should be taken; because if all I've got here is
22  Richard Roe told somebody who he was, I am not sure at all that
23  I can find that, by itself, is a per se violation of any of the
24  injunctive provisions.
25  So I will see you all Monday at 10:00 a.m.  Let me

```
 1   check one more thing.  I want to make sure there's no more open
 2   issues from the emergency motion that Mr. Lerner filed.
 3              MR. ROE:  With respect, there are, Your Honor.
 4              THE COURT:  Let me hear from Mr. Lerner.  He is the
 5   attorney who filed it.
 6              What's left, Mr. Lerner?
 7              MR. LERNER:  Well, first I'd like to note that this
 8   matter is not on the Court's public schedule today.  We'd ask
 9   that any further proceedings in this court be publicly
10   documented and the proceedings take place in an open courtroom.
11              THE COURT:  I have not sealed this courtroom.  Is it
12   anyone's understanding that this transcript is sealed?
13              Your request is denied as moot.  Is there anything you
14   want that you're not getting?
15              MR. LERNER:  Well, Your Honor, the public has a right
16   to advanced public notice of court hearings.  This was not
17   posted.
18              MR. ROE:  I believe my client would press that Your
19   Honor docket --
20              THE COURT:  Excuse me.  I'm not recognizing you as his
21   attorney until the conflict issue is resolved.  I'm recognizing
22   him as the attorney who filed the motion for relief before me,
23   and I will hear only from him.
24              MR. LERNER:  Fine, Your Honor.  We've requested that
25   this be docketed under a separate index number.
```

```
 1                THE COURT:  Well, I'm not going to do that.  I might
 2    open this matter; I'll think about that.  You can both address
 3    that further in the letter I'm going to get on Wednesday.
 4                Anything else in your motion I didn't cover,
 5    Mr. Lerner?
 6                MR. LERNER:  We'll be moving to disqualify the
 7    government.  There's ample precedent that the government
 8    cannot --
 9                THE COURT:  I'm asking what's in your motion.  I'm not
10    hearing new motions.
11                Is there anything else in your motion?
12                MR. LERNER:  No, Your Honor.
13                THE COURT:  All right.  Then I'll see you on Monday.
14    Thank you.
15                (Time noted:  10:31 a.m.)
16                (End of proceedings.)
17
18
19
20
21
22
23
24
25
```