Case 1:16-mc-02636-AMD   Document 15-19   Filed 09/06/17   Page 1 of 4 PageID #: 2150
Case 1:12-mc-00150-ILG   Document 74   Filed 10/23/12   Page 1 of 4 PageID #: 598

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

*IN RE* UNSEALING THE DOCKET AND
CONTENTS OF 98-CR-1101, *U.S. v. SATER*

LORIENTON PALMER and
FREDERICK M. OBERLANDER
    Movants,

vs.

FELIX SATER and THE UNITED STATES
    Respondents,

No. 12-MC-150 (ILG)

**REQUEST FOR JUDICIAL NOTICE**

[Fed. R. Evid. 201]

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below, movants request the court take judicial notice of (1) those documents attached as Exhibits A through O, and (2) those averments described as Facts A and B.

**The Exhibits primarily establish that it has been a matter of public record for about a decade, made so by documents released or allowed into the public domain by this court itself, that Felix Sater was a cooperator. <u>Necessarily, they also establish that this court has had actual knowledge all this time that Sater had been publicly identified as a cooperator</u>.** The documents also establish that is has been a matter of public record for over a decade, made so by document released into the public domain by the government, that Sater had pleaded guilty to RICO charges in connection with the stock swindle before March 2, 2000.

The Exhibits also negate contempt allegations against counsels filed on 98-CR-1101, and demonstrate that such contempt allegations are predicated upon falsehoods, warranting sanctions against, and disqualification of, the Eastern District U.S. Attorney's Office and Sater's counsel.

They support allegations of this court's continuing failure to comply with the First Amendment and other law requiring accurate dockets and substantively and procedurally adequate pre-sealing adjudication and its continuing failure to comply with victims' rights laws.

And they establish that the RICO complaint in 10-CV-3959, *Kriss v. Bayrock et al.*, has been *de facto* only **partially** sealed, as the 2010 sealing order and **permissive** abatement allow Mr. Oberlander to upload the same complaint, redacted only as to sealed documents, at any time.

Case 1:16-mc-02636-AMD    Document 15-19    Filed 09/06/17    Page 2 of 4 PageID #: 2151
Case 1:12-mc-00150-ILG   Document 74   Filed 10/23/12   Page 2 of 4 PageID #: 599

2

| EXH. | DESCRIPTION AND SIGNIFICANT BATES NUMBERS |
|---|---|
| A | 3500 letter from AUSA Pitofsky to def. Ray accompanying turnover of tapes of conversations involving Felix Sater, stating the government will call Sater as a cooperating witness, and the government had previously provided materials relating to "another cooperating witness, Salvatore Lauria," *U.S. v. Coppa*, 00-CR-00196 EDNY (Glasser, J.) (filed Nov. 21, 2001). **000002** |
| B | Letter from defendant Lev to AUSA Corngold requesting production of *Brady* and *Giglio* material re Felix Sater and Gennady Klotsman, *Coppa*, (Oct. 10, 2000). **000004** |
| C | Memorandum of defendant Lev in support, motion for *Brady* and *Giglio* material re government cooperating witnesses Felix Sater and Gennady Klotsman, *Coppa* (filed Nov. 16, 2000). **000006** |
| D | Letter request from defendant Lev requesting sealing of entire case file of *U.S. v. Lev* component of *Coppa*, order granted by this court's endorsement with no notice to public, no opportunity to be heard, no record findings, *Coppa*, (filed Feb. 20, 2002). **000017** |
| E | Letter from defendant Lev objecting to statement in his PSR that his guilty plea was reason Sater was not called as witness, noting Sater "was a witness against many other defendants who ultimately pled guilty," *Coppa*, (filed Jan. 18, 2002). **000018** |
| F | PSR of def. Salaman containing presumably same statement, Sater did not testify against Lev because of Lev's plea, same presumably in all *Coppa* defs.' PSRs, *Coppa* (Jan. 11, 2002). **000035** |
| G | Various letters from AUSA's and others to court, progress reports re the status of victim identification and losses and interim lists of known victims, approx. June 2002, *Coppa*. **000075** |
| H | Transcript of Feb. 2, 2001 open court hearing, *Coppa* co-defs. and counsels, including Persico, present, re "Mr. Felix Sater, an unindicted co-conspirator and cooperator with the government, an individual who is going to testify…" discussed in presence of this court and AUSA Corngold, later confirming this description of Sater *sub silentio*; note this was ECF filed in 2004 Ex. 1-3 in Ray §2255 action 04-CV-00013 (Glasser, J.), publicly available on PACER since. **000127-000130** |
| I | This court's order in 04-CV-00013, stating it has read Ray's submissions, thus is the court's own admission of its prior knowledge of Exh. H and its ECF provenance (filed Feb. 19, 2004). **000131** |
| J | AUSA Corngold's government witness list for *U.S. v. Persico*, noting Felix Sater, *Coppa*. **000733** |
| K | Document 546, *Coppa*, re sealing Palagonia resentencing transcript (filed Mar. 25, 2011). **000136** |
| L | Entry 71, 12-MC-150, re court's refusal to docket contempt events (filed Oct. 17, 2012). **000734** |
| M | Order, 12-MC-557, this court controls "unsealing" contempt events (filed Oct. 18, 2012). **000735** |
| N | Order, 10-CV-3959, directing upload of redacted RICO complaint (filed May 14, 2010). **000736** |
| O | Abatement of above, terminable at will at the discretion of counsel (May 18, 2010). **000739** |
| P | House of Rep. Comm. Rep. 107-769, *Fairness in Sentencing Act* (Sep. 13, 2000). **000168** |
| Q | House of Rep., Hearing Before the Subcommittee on Finance, *Organized Crime on Wall Street*, No. 106-156 (Sep. 13, 2000) press release **000646**, and descr. of NASD CPAG, **000706-000711** |

| FACT | DESCRIPTION |
|---|---|
| A | Neither Sater's cooperation agreement nor proffers are within the docket so cannot be "sealed." |
| B | The Executive Office of U.S. Attorney's March 2012 disqualification of the EDNY U.S. Attorney's Office from participation in the criminal contempt investigations of Lerner and Oberlander. |

Case 1:16-mc-02636-AMD   Document 15-19   Filed 09/06/17   Page 3 of 4 PageID #: 2152
Case 1:12-mc-00150-ILG   Document 74   Filed 10/23/12   Page 3 of 4 PageID #: 600

3

## BASIS FOR REQUESTING JUDICIAL NOTICE

Courts may take judicial notice of documents or facts outside of pleadings or other judicial documents where such are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. Courts may take judicial notice of their own records and those in other courts if they have a direct relation to matters at issue. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169 (10th Cir. 1979). As set forth *infra*, the court may take judicial notice of Exhibits A through O and Facts A and B.

### Exhibits A through O

Exhibits A through K are judicial documents in directly related cases of this court, *U.S. v. Coppa et al.*, 00-CR-00196, and *Lawrence Ray v. U.S.*, 04-CV-00313,

Exh. L is a description of a judicial document filed in this case itself to which the court has the original, which original is deemed incorporated into Exh. L along with said description.

Exh. M is a self-contained "order" of Judge Cogan in 12-MC-557 not yet reduced to the separate, signed writing we assume will be coming.

Exhibits N and O are an order and **permissive** abatement thereof sealing the original RICO complaint in *Kriss v. Bayrock et al.*, 10-CV-3959, while allowing Mr. Oberlander to file and upload the same complaint at any time he sees fit, redacted only as to sealed documents.

The contents of these filings are public records "not subject to reasonable dispute," capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The movants request that this court take judicial notice of Exhibits A through O to demonstrate their existence, provenance, and content.

### Exhibits P and Q

A House of Representatives Report may be judicially noticed as a matter of public record. "A congressional conference report is recognized as the most reliable evidence of congressional intent," *Apollomedia Corp. v. Reno*, 19 F. Supp. 2d. 1081, (N.D. Cal. 1998) (citing *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, (9th Cir. 1996)).

Case 1:16-mc-02636-AMD   Document 15-19   Filed 09/06/17   Page 4 of 4 PageID #: 2153
Case 1:12-mc-00150-ILG   Document 74   Filed 10/23/12   Page 4 of 4 PageID #: 601

4

**Facts A and B**

Fact A requires the court take judicial notice of the facts that (1) neither the cooperation agreement nor the proffer(s) Oberlander received from Bernstein are documents in or listed in or contained in the docket; and (2) it must follow that neither of them can be "sealed." These are matters of self-evident fact confirmable and confirmed by the court's own records.

Fact B requires the court take notice of what it already knows to be the case, and is common knowledge, that in March 2012 the Executive Office of United States Attorneys (EOUSA) disqualified the entire Eastern District of New York United States Attorney's Office from participation in the criminal contempt investigations of Lerner and Oberlander.

=====

For the foregoing reasons, Exhibits A through Q and Facts A and B may properly be noticed, which request is made in connection with movants' *sub judice* motions to "unseal," and these documents and facts will be incorporated by reference into motions to be filed imminently.

Dated: October 23, 2012

> RICHARD E. LERNER
> 255 West 36th Street
> New York, NY 10018
> Telephone:   (917) 584-4864
> Facsimile:   (347) 824-2006
> Email:       richardlerner@msn.com
>
> Attorney for Movant Frederick M. Oberlander
>
> /s/ Richard E. Lerner
>
> FREDERICK M. OBERLANDER
> 28 Sycamore Lane (PO Box 1870)
> Montauk, NY 11954
> Telephone:   (212) 826-0357
> Facsimile:   (212) 202-7624
> Email:       fred55@aol.com
>
> Attorney for Movant Lorienton Palmer
>
> /s/ Frederick M. Oberlander