UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In the Matter of the Motion to Unseal　　　　ORDER
Docket No. 98-1101　　　　　　　　　　　　　　12 MC 150 (ILG)
-------------------------------------------------------x
GLASSER, United States District Judge:

　　Motions were made in United States v. John Doe, 98 CR 1101, a case that was sealed at its inception on December 10, 1998, to unseal the docket sheet and the documents indexed on it. The history of events which led up to those motions are, by now, assumed to be known and for purposes of this motion need not be retold. A separate caption, as noted above, and a separate docket number, 12 MC 150, was created to be the repository of all filings relevant to those motions in the interests of judicial and administrative expediency. Those motions are currently pending before the Court.

　　In an Order issued on August 27, 2012, familiarity with which is assumed, Dkt. #42, I granted the motion to unseal the docket sheet only and scheduled a future hearing to determine whether unsealing any sealed document is required by a compelling interest that overrides the qualified First Amendment and common law rights of access. The first hearing was held on October 9, 2012 in a courtroom closed to the public and the press. In re The Herald Company, 734 F.3d 293 (2d Cir. 1984); United States v. John Doe, 63 F.3d 121 (2d Cir. 1995). The second hearing was held on October 23, 2012 and given the volume of documents required to be examined, at least one and perhaps two more hearings will be required to complete the process. The record of those hearings and the documents to remain sealed will be available for appellate review. Thus, it bears noting that the only issue for determination pending before the Court is the propriety of keeping documents sealed.

On October 23, 2012, Richard Lerner ("Lerner") and Frederick M. Oberlander ("Oberlander"), on behalf of their respective clients, filed under this docket number a "Joint Request for Judicial Notice," attached to which were 17 exhibits totaling 742 pages. Among them are a presentence report of another defendant (Ex. F); a letter from yet another defendant objecting to statements in his presentence report (Ex. E); assorted letters from defense counsel and Assistant United States Attorneys in other criminal cases; a 309 page House of Representatives Committee Report (Ex. P), and a 285 page House of Representatives Hearing (Ex. Q). That Request for Judicial Notice and the attachments to it bespeak an indifference to their irrelevance to the discrete pending issue of document sealing.

### Discussion

I.  Fed. R. Evid. 201 provides for the taking of judicial notice of adjudicative facts. Commentators and precedent agree that the specified fact to be judicially noticed must be relevant and lawyers should specify precisely the fact to be noticed. 21B Charles A. Wright & Kenneth W. Graham, Federal Practice and Procedure: Evidence § 5104(2d ed. 2005); United States v. Byrnes, 644 F.2d 107, 112 (2d Cir. 1981) (trial judge did not abuse his discretion in refusing to take judicial notice of a document of minimal relevance); Whiting v. A.A.R.P., 637 F.3d 355, 364 (D.C. Cir. 2011) (material generated by Congressional investigation not relevant); Trans-Sterling, Inc. v. Bible, 804 F.2d 525, 528 (9th Cir. 1986) (judicial notice need not be taken of facts irrelevant to decision); United States v. Burlington N. & Santa Fe R. Co., 520 F.3d 918, 930 n.2 (9th Cir. 2008) (judicial notice declined of E.P.A. proceedings that "do not have a direct relation to main issue.") United States v. Falcon, 957 F. Supp. 1572, 1585 (S.D. Fla. 1997) (A court may

refuse to take judicial notice of facts that are irrelevant to the proceedings.) That limitation of relevance on judicial notice compels the denial of their Request.

II.   28 U.S.C. § 1927 provides in relevant part that "Any attorney ... admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the ... costs, expenses and attorney's fees reasonably incurred because of such conduct.

A district court may authorize sanctions pursuant to that statute when three conditions are met: (1) "the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose; (2) the attorney engages in conduct constituting or akin to bad faith, and (3) the Court satisfies the procedural requirement of notice and an opportunity to be heard." Gollomp v. Spitzer, 568 F.3d 355, 358 (2d Cir. 2009). The filed Request for Judicial Notice satisfies all three sanction prerequisites. I am driven to conclude that Fed. R. of Evid. 201 was seized upon as providing the pretext for filing a documentary stew.

Sanctions may also be imposed to make manifest the inherent power of the Court "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons ... so that the very temple of justice has been defiled." Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991). As a pre-condition to the exercise of that power, the Court must find that the filed "Request" was without a colorable basis, asserted in bad faith for improper purposes Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999). A filing of 742 pages of requests for judicial notice having no relevance to the very discrete issue pending before the Court drives the Court to conclude that those pre-conditions

3

are satisfied.

Based on the foregoing explication of the power of the Court, Lerner and Oberlander are here by directed to show cause at 4:00 p.m. on November 19th, 2012, why sanctions should not be imposed for the vexatious, oppressive "Request for Judicial Notice" filed in 12 MC 150 on October 23, 2012.

SO ORDERED.

Dated:  Brooklyn, New York
        November 13th, 2012.

                                    _____
                                    I. Leo Glasser

4