FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 24 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

In The Matter Of,

RICHARD E. LERNER, an
attorney admitted to practice before this
Court,
              Respondent.

**ORDER**
16-MC-2636

----------------------------------------x

      This matter is before the Committee on Grievances for the United States District Court for the Eastern District of New York on the respondent's motion for reconsideration of the Committee's Order of August 13, 2018. Familiarity with the facts is assumed.

      Under Local Civil Rule 6.3, the decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hernandez v. Doe*, No. 16-CV-2375, 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (citing *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011)). Generally, a motion for reconsideration will be "denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

Federal Rule of Civil Procedure 60(b)(6), a catch-all provision, allows a court to relieve a party from final judgment for "any other reason that justifies relief" not already mentioned in Rule 60(b)(1) through (5). "[T]he standard for granting Fed. R. Civ. P. 60(b)(6) motions is strict, and requires [the moving party] to demonstrate 'extraordinary circumstances' to justify relief." *King v. People of the State of New York*, No. 11-CV-3810, 2016 WL 1056566, at *2 (E.D.N.Y. Mar. 16, 2016) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

The respondent argues that the Committee denied him due process because it did not hold an evidentiary hearing. In making this claim, the respondent devotes a significant portion of his motion to arguing about the facts underlying the charges on which the Committee deferred its decision pending the resolution of the criminal investigation; there was no need for a hearing on those charges precisely because of the Committee's decision to defer. What the Committee did conclude is that "the facts in the record *underlying the Committee's findings* are not in dispute." (ECF No. 26 at 2 (emphasis added).) In other words, the relevant facts on which the Committee based its conclusion that the respondent violated Rules 1.16(b), 3.3(f)(2), 3.4(a)(6), 8.4(a), 8.4(d), and 8.4(h) of the New York Rules of Professional Conduct are not in dispute.

The respondent's claims to the contrary are not convincing. For example, the respondent says that there is a dispute about whether his client, Frederick Oberlander, continued to demand money from Felix Sater and the other defendants in *Kriss et al. v. BayRock Group LLC et al.*, No. 10-CV-3959, and threatened to disseminate the sealed information if they did not agree to a monetary settlement. There is no dispute about this subject, because the evidence is contained in Oberlander's October and November 2010 letters to Sater's counsel,[1] which establish that "the

---

[1] The respondent proposes a list of witnesses that he would call at the hearing. There is no justification that any of them can give that would explain away the respondent's undignified, malicious attacks on Judge Glasser, Judge Cogan, this Court, and the Second Circuit, *see In re Giorgini*, No. M-2305, 2018 WL 4924084 (N.Y. App. Div. Sept. 25, 2018), or the language of the threatening letters that Oberlander sent to induce monetary settlement.

2

respondent and Oberlander knew that public dissemination of obviously sensitive documents would not only violate explicit court orders, but would expose Sater to retaliation from individuals and organizations about whom he was providing information, as well as to public humiliation."[2] (ECF No. 26 at 40.)

The Committee also rejects the respondent's claim that the Committee did not alert him that it was considering whether his actions constituted attempted larceny by extortion. The statement of charges includes the violation of Rule 3.4 "by . . . attempting to obtain a settlement by threatening further illegal conduct." This charge gave the respondent fair notice of the charge that he violated Rule 3.4 by committing attempted larceny by extortion.

The Committee has reviewed the remainder of the respondent's arguments, and finds no reason to reconsider its determination.

The Committee grants the respondent's motion under Rule 54(b). The Committee directs entry of a final judgment as to the claims that have been adjudicated and determines that there is no just reason for delay.

SO ORDERED.

                                                              s/Ann M. Donnelly
                                                              Hon. Ann M. Donnelly, U.S.D.J.
                                                              Chair of the Committee on Grievances
                                                              For the United States District Court
                                                              Eastern District of New York

Dated: Brooklyn, New York
         October 24, 2018

---

[2] Equally unpersuasive is the respondent's argument that his role in representing Oberlander in connection with Oberlander's threat to disseminate sealed materials in exchange for millions of dollars did not constitute attempted larceny by extortion. The best refutation of the respondent's position is the letters, in which Oberlander clearly threatened to disseminate sealed information that would have exposed Sater to retaliation and public humiliation. The threats contained in the letter were "wholly gratuitous" and would not "materially benefit" Oberlander, but were "simply . . . a tool to obtain money" from Sater. *Dawkins v. Williams*, 511 F. Supp. 2d 248, 258-60 (N.D.N.Y. 2007); *see also Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362 (2014).